COLOM, APPELLANT, *v.* COLOM, APPELLEE.

(No. 78-1286—Decided May 30, 1979.)

246

*Lavelle & Lavelle Co., L. P. A.,* and *Mr. Neal P. Lavelle,* for appellant.

*Mr. David E. Colom, pro se.*

HOLMES, J. The sole issue to be decided by this court is whether enforcement proceedings for the collection of an arrearage from an order of temporary alimony may be brought after the entry of a final decree of divorce where the arrearage for the temporary alimony has not been mentioned by the trial court in the decision or decree,

or where there has not been a separate judgment entered upon any such arrearage.

The intermediate appellate courts in Ohio differ on this issue. The Court of Appeals for Cuyahoga County below determined that no such separate action upon the arrearage survives the divorce decree. However, the Court of Appeals for Summit County, for example, differs in the case of *Yonally* v. *Yonally, supra.* Paragraph two of the syllabus in that case states as follows:

"The merger of a temporary alimony order in the final decree of divorce does not extinguish the right of the former spouse to collect the arrearage that accrued under the temporary alimony order before the merger occurred."

Courts in other states seemingly are split upon this issue. See Annotation 154 A. L. R. 530.

Although there is less than unanimity within this court on this question, the majority feel that the better rule to be followed by the courts of Ohio is that which tends to eliminate delayed actions upon old or "stale" claims. It is our view that not only should the interim orders be merged within the final judgment, but the right of action or enforcement of such interim orders should not be extended beyond the final decree unless specifically reduced to judgment or referred to within the decree.

It is our view that the final judgment should replace all that has transpired before it. This extension of the merger doctrine to terminate any continuing rights acquired within temporary orders will not necessarily work a hardship upon the beneficiary of such temporary orders in that a protection may be provided for the continuance of the effect of such orders. First, the arrearage may be reduced to a judgment. This, of course, would be a separate judgment not affected by the subsequent judgment on the merits in the domestic relations case. Second, the moving party may seek to have the arrearages included as an additional portion of the final judgment. In the event that the trial court refuses to include the arrearages in the final order, the moving party would have a right to appeal that

issue to the Court of Appeals. Third, if there is allegedly an oversight or error upon the part of the trial court in not including the arrearage within the final decree, there may well be presented a proper instance for the invoking of a motion for relief from judgment pursuant to Civ. R. 60(B).

Again, we believe that the extension of the merger doctrine to extinguish the right of further action on interlocutory orders that have not been included within the decree or reduced to judgment serves the salutary purpose of consolidating the adjudicated rights and duties of the parties into a single document, and prevents the resurrection of the interlocutory matters after the decree. Unless later successfully challenged, it may be reasonably presumed that the trial court in entering the final decree took into consideration all that has transpired in the matter between the parties prior to the decree.

Based upon the foregoing, the judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT and P. BROWN, JJ., concur. W. BROWN, SWEENEY and LOCHER, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. Because of legal precedent and policy considerations surrounding this cause, I dissent. All *orders* for temporary alimony are terminated by the final decree of divorce (*Gilbert* v. *Gilbert* [1911], 83 Ohio St. 265, [1914], 90 Ohio St. 417; and *Bentz* v. *Bentz* [1961], 171 Ohio St. 535), but *arrearages* owed under temporary alimony orders are not terminated by a final divorce decree if they become due before that decree. *Gilbert* v. *Gilbert, supra* (90 Ohio St. 417).

Temporary alimony is based on a duty of support that one spouse owes the other until the marriage is dissolved, and that duty is replaced, if at all, by a subsequent duty imposed in the divorce decree. *Bentz* v. *Bentz, supra.*

Because the duty underlying temporary alimony ends with divorce, temporary alimony orders, which impose future obligations of support, are inconsistent with a divorce decree and cannot be enforced once a final judgment of divorce is entered. The temporary order is, therefore, said to be terminated by that decree. *Gilbert* v. *Gilbert, supra; Bentz* v. *Bentz, supra.** The right to enforce arrearages owed under a temporary alimony order is not, however, inconsistent with a divorce decree. Such arrearages are based on past rather than future duties. As long as the parties were married and the duty underlying temporary alimony existed when those arrearages accrued, those arrearages are not supplanted by the future obligations imposed by the divorce decree, and the right to collect those arrearages is not barred by the decree.

The collection of temporary alimony arrearages is not inconsistent with a final divorce decree and when the decree is silent as to those arrearages, their collection need not be barred. To hold that a final divorce decree precludes the collection of pre-divorce alimony is to ignore the realities underlying the marital duty of support and to penalize the spouse in need of support for having become involved in divorce proceedings. Moreover, a rule precluding the collection of pre-divorce alimony awards rewards spouses for the dereliction of their duty and undermines the respect due court orders. *Bingmer* v. *Bingmer* (1943), 72 Ohio App. 522, 526. Finally, such a rule fails to take into account the reliance which the recipients of temporary alimony awards may have placed on those orders. *Button* v. *Button* (Me. 1966), 222 A. 2d 245, 247.

The two theories implicit in the majority's rule that pre-decree arrearages are not collectible after the judg-

---

*Indeed, to hold otherwise would be to subject the spouse with the duty of support to a double penalty after the decree. In *Bentz* v. *Bentz* (1961), 171 Ohio St. 535, this court credited temporary alimony awarded during the appeal of a final divorce judgment against the permanent alimony obligations imposed by that decree in order to avoid just such a double penalty to the husband in that cause.

ment of divorce are (1) that spouses failing to provide for such arrearages in the decree have waived the right to collect them and (2) that courts are presumed to have taken those arrearages into consideration when they award permanent alimony and grant final decrees.

Although the decree in the instant cause is silent about arrearages, the facts do not support the conclusion that Mrs. Colom intended to waive her right to collect those arrearages or that those arrearages were taken into consideration by the court in the distribution of the property. It is difficult to presume that the court considered the arrearages in making its permanent alimony award when it awarded less in permanent alimony than was owed in temporary arrearages, or to find that Mrs. Colom waived her claim to those arrearages by acquiescing in the decree when, at the time the decree was issued, she had pending with the court an affidavit for citation in contempt against her husband for his failure to pay the temporary alimony arrearages.

Furthermore, the policy arguments for allowing the collection of arrearages far outweigh the considerations raised by the majority. They include encouraging respect for the court and for court orders, insuring that the state is not forced to pay for estranged spouses who cannot support themselves where the other spouse can afford to support them, and insuring that those relying on court orders will not be hurt by that reliance, allowing dependent spouses the right to sue for divorce or defend a divorce suit without the financial coercion of having no means, pending suit, by which to live.

The majority states that the better rule is "that which tends to eliminate delayed actions upon old or 'stale' claims." That can be a legitimate object, but it is not necessary to deny collectibility to attain that object. Laches is a perfectly acceptable defense to an action to collect arrearages. By endorsing the sweeping doctrine of non-collectibility to prevent stale claims, the majority engaged in judicial overkill and prevented claims which are not stale as well.

For the reasons stated above, I would reverse the Court of Appeals.

SWEENEY and LOCHER, JJ., concur in the foregoing dissenting opinion.