OPINION
This is an appeal by the defendant, Thomas Edward Bentley, from a judgment of the Court of Common Pleas finding him in contempt of court for failure to pay court-ordered child support arrearages.
Iris Gale Bentley ("Appellee") and Thomas Edward Bentley ("Appellant") were divorced by judicial decree on April 16, 1996. Before the parties' divorce was final, Appellant was found by the court to be in contempt for failure to pay temporary child support, and was ordered to promptly pay the support he owed. On March 14, 1996, Appellant was ordered by the court to serve twelve days in the Marion County Jail for failure to purge himself of the contempt by paying his child support arrearage. The court at that time noted that if Appellant promptly paid the arrearage, the court would suspend eight days of the jail sentence. In the April 16 judgment entry granting the parties' divorce, and in a separate entry the next day, the court included the following order:
 [Appellant] shall pay to [Appellee] as and for child support the sum of $226.00 per month, per child, plus poundage for two minor children commencing 4/15/96. * * * Child support arrearage through April 15, 1996, is $12,068.02. [Appellant] shall pay to [Appellee] said arrearage within six (6) months of the filing of this judgment entry.
On October 29, 1996, more than six months after the court issued the foregoing order, Appellee filed another motion in contempt against Appellant for failure to pay the arrearages as ordered in the divorce decree. Appellee requested that Appellant be ordered to serve the previously suspended eight days in jail, that Appellant be ordered to pay Appellee's attorney fees and costs of the action, and any other relief found equitable by the trial court.
Following a hearing on February 5, 1997, the magistrate found that Appellant had admitted violating the court orders, and failed to prove that he had an inability to comply with the orders. The magistrate recommended that the eight days of jail time previously suspended be imposed, and also recommended as follows:
 In addition, the Defendant shall serve twelve days in jail consecutive to the eight day jail sentence described above. However, for each $1000.00 by which Defendant reduces the child support arrearages prior to March 13, 1997, one day of the twelve day jail sentence will be suspended. Therefore, if the Defendant pays the child support arrearages in full prior to March 13, 1997, all of the twelve day sentence will be suspended.
Appellant then filed objections to the magistrate's report. On July 31, 1997, the trial court issued its judgment, affirming the decision of the magistrate except for the dates upon which the arrearages were due to be paid. The court ordered that the arrearages were to be paid by October 1, 1997 in order for Appellant to avoid the additionally imposed twelve days of jail time. Appellant filed a timely appeal from the court's order, and was thereafter denied a stay of judgment in the trial court. On October 3, 1997, this court granted Appellant a stay of judgment pending appeal, on the condition that he post a bond in the amount of the delinquent child support. Appellant filed two assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in finding Appellant violated the trial court orders filed April 16, 1996 as such ruling is against the manifest weight of the evidence.
During the February 5, 1997 hearing Appellant was given the opportunity by the trial court to avoid a finding of contempt by demonstrating that he was unable to pay his child support arrearages. Appellant argues that the court's finding that he failed to present any credible evidence that he had an inability, rather than a lack of intent, to pay his child support was against the manifest weight of the evidence.
A prima facie showing of contempt is made when the moving party establishes the court order and evidence of nonpayment according to the terms of the order. See Morford v. Morford
(1993), 85 Ohio App.3d 50, 55 (citing Rossen v. Rossen [1964],2 Ohio App.2d 381). Following the movant's presentation of a primafacie case, the burden then shifts to the party accused of contempt to establish that his non-payment was justified. Id. In this case, Appellee established her prima facie case of non-payment. Therefore, Appellant was required to prove his defense that he was unable to comply with the order through no fault of his own. The trial court determined, based upon Appellant's self-serving testimony, that he had not demonstrated to the court that he was unable to comply with the order through no fault of his own. Rather, the trial court found that, although Appellant has been given abundant opportunity to purge himself of contempt and comply with the court's orders of support payments, he has continually failed to do so through his own fault. According to the evidence in the record, he has had the funds to comply with the court's orders, but chose to use them for other, non- essential purposes such as paying off Visa bills which were not delinquent, and paying creditors who were not pursuing him or demanding immediate payment. Furthermore, he has employed various machinations to create the appearance that he has deficient resources to do so, such as transferring ownership of his construction company to his mother, and deliberately "paying" himself an artificially reduced "salary" from the assets of a corporation in which he was the only shareholder. Following our review of the record in its entirety, we agree with the trial court's findings.
"Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Our review of the record establishes that the court's judgment was based upon "competent, credible evidence" that Appellant had persistently and deliberately refused to pay the court ordered support, even after it was reduced to judgment. Therefore, pursuant to C. E. Morris, we are unable to find that the trial court's judgment was against the weight of the evidence. The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 The trial court erred in finding Appellant violated the trial court order of April 17, 1996, as said order was invalid. The April 17, 1996 court order is void as beyond the court's power and jurisdiction.
Appellant is correct in stating that we have previously held that temporary or interim divorce orders merge with the final divorce decree. However, Appellant mischaracterizes the law set forth in Webb v. Webb (June 28, 1996), Marion App. No. 9-96-6, unreported, by failing to state the complete holding of Webb, which provides:
 As the Ohio Supreme [Court] stated in Colom v. Colom (1979), 58 Ohio St.2d 245, 247, 389 N.E.2d 856, interim orders are merged within the final decree, and the right to enforce such interim orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree.
Id. (emphasis added).
Since Appellant first agreed, on June 27, 1994, to pay Appellee temporary child support in a certain amount, Appellee has been forced to file motions in contempt on at least three separate occasions due to Appellant's failure to pay child support and child support arrearages. On March 14, 1996, pursuant to the court's January 11, 1996 judgment finding Appellant in contempt of court orders and reducing Appellant's support obligation to a judgment, the court again found Appellant in contempt and again reduced Appellant's obligation to a judgment. Therefore, Appellant's arrearage was reduced to judgment before the parties' divorce was granted. Moreover, In the parties' final divorce decree, the trial court again reduced the arrearage to judgment, in the amount of $12, 068.02, as of April 15, 1996. Therefore, the Colom and Webb cases cited by Appellant in support of his assignment of error are not applicable to this case. As argued by Appellee in her brief, the only judgment Appellant claims to be challenging is the court's decision on April 17, 1996 suspending his "remaining eight day jail sentence" upon certain conditions. Simply because Appellant failed to meet these liberal conditions set out by the court is no reason he may not be now found in contempt for violating the prior judgment of the trial court ordering Appellant to pay the arrearages. Appellant's second assignment of error is not well taken, and it is overruled.
Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court. In addition, we hereby order the relinquishment to the child support enforcement agency of the bond previously posted with the clerk of court by Appellant, and ordered by this Court. In light of Appellant's consistent refusal to pay the judgments against him and his various subterfuges to make funds unavailable for attachment (see discussion under first assignment of error, supra), payment to Appellee in this manner may be the only way the judgment for child support arrearages will ever be satisfied. See R.C. 3113.21(H)(1)(a)(i).
Judgment affirmed.
HADLEY and SHAW, JJ., concur.