Plaintiff-appellant Diana Flax appeals from an order of the trial court determining that it was without jurisdiction to enforce temporary support orders entered pending the disposition of the divorce action. We conclude that the trial court was correct. Accordingly, the trial court's order of May 29, 1997, from which this appeal is taken, is Affirmed.
 I
Ms. Flax filed a complaint for divorce in 1995. During the pendency of the action, temporary spousal and child support was ordered. On August 12, 1996, a Magistrate entered a decision and order awarding a divorce and providing for custody of the parties' minor children, child support, division of property, and an award of spousal support in gross. (Ms. Flax was awarded Mr. Flax's interest in the marital residence as an award of spousal support in gross.)
Both parties objected to the decision of the Magistrate. Meanwhile, Ms. Flax filed a motion requesting rulings on issues associated with the temporary order of support. On January 13, 1997, the Magistrate ruled that Mr. Flax was in arrears in the payment of support, and ordered the arrearage paid in installments. Mr. Flax objected to this decision, and also moved for modification of temporary support.
Then, on February 11, 1997, the trial court filed a "Judgment Entry," overruling both parties' objection to the Magistrate's final decision on the merits of the divorce action. The trial court designated this entry as a "Final Appealable Order." The decision of the Magistrate that was effectively adopted by the February 11, 1997, judgment entry found an arrearage in child support in the amount of $368.70, found that Mr. Flax was in contempt for having failed to pay this amount, assessed a fine against Mr. Flax in the amount of $100.00, but suspended the fine and any contempt sanction upon condition that Mr. Flax purge himself of contempt by paying Mrs. Flax $368.70 within thirty days, and ordered Mr. Flax to pay Ms. Flax $250.00 as and for her attorneys fees associated with the prosecution of her motion for contempt. The final judgment and decree of divorce did not otherwise, however, provide for the payment of temporary support, or any arrearages therein.
On May 29, 1997, the trial court entered an order dealing with the motions and objections then pending concerning the issue of temporary support. The trial court found that the orders of temporary support had been merged with the final judgment and decree of divorce, and were no longer separately enforceable. From the trial court's order of May 29, 1997, Ms. Flax appeals.
 II
Ms. Flax's First Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT RELIEF BASED ON THE TEMPORARY SUPPORT ORDER DATED JANUARY 26, 1996, DURING THE MONTHS FROM JULY OF 1996, THROUGH DECEMBER OF 1996, AS RULED UPON BY THE MAGISTRATE ON JANUARY 13, 1997.
As we understand it, Ms. Flax is contending that the trial court erred when it declined to give separate enforcement to the temporary support orders, after the final judgment and decree of divorce had been entered. Ms. Flax argues that the objections to the final decision of the Magistrate automatically stayed its effect until February 11, 1997, when the objections of both parties were overruled, and the trial court essentially adopted the decision of the Magistrate. Ms. Flax contends that because the temporary support order was in effect until February 11, 1997, when the final judgment was entered, she ought to be able to recover any arrearages in the payment of temporary support up to that time.
The trial court relied upon Colom v. Colom (1979), 58 Ohio St.2d 245, the syllabus of which is as follows:
 In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree.
We agree with the trial court's reasoning. The following language in Colom, supra, is instructive:
 It is our view that the final judgment should replace all that has transpired before it. This extension of the merger doctrine to terminate any continuing rights acquired within temporary orders will not necessarily work a hardship upon the beneficiary of such temporary orders in that a protection may be provided for the continuance of the effect of such orders. First, the arrearage may be reduced to a judgment. This, of course, would be a separate judgment not affected by the subsequent judgment on the merits in the domestic relations case. Second, the moving party may seek to have the arrearages included as an additional portion of the final judgment. In the event that the trial court refuses to include the arrearages in the final order, the moving party would have a right to appeal that issue to the Court of Appeals. Third, if there is allegedly an oversight or error upon the part of the trial court in not including the arrearage within the final decree, there may well be presented a proper instance for the invoking of a motion for relief from judgment pursuant to Civ.R. 60(B).
 Id., 247-248.
Although, before the entry of final judgment, Ms. Flax obtained a decision of the magistrate finding and enforcing arrearages in child support, a timely objection was filed, so that this decision had not been reduced to judgment on February 11, 1997, when a final judgment and decree of divorce was entered. At that time, all claims arising out of temporary support orders became merged into the final judgment and decree of divorce.
Ms. Flax's First Assignment of Error is overruled.
 III
Ms. Flax's Second Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE MAGISTRATE'S DECISION AND ORDER OF AUGUST 12, 1996 WAS A FINAL APPEALABLE ORDER.
It is true that the trial court, in its order of May 29, 1997, from which this appeal is taken, found that the Magistrate's decision and order of August 12, 1996, "is a final appealable order." Obviously, it did not become a final appealable order, in the sense of being appealable to this court pursuant to R.C.2505.02, until objections to the Magistrate's decision were overruled, and the trial court effectively adopted that decision as its own. Perhaps that is what the trial court meant.
In any event, if the trial court erroneously found that the magistrate's decision of August 12, 1996, is a final appealable order, that had no bearing on the outcome. A final judgment and decree of divorce was entered on February 11, 1997. At that time, all rights under temporary support orders, not previously reduced to judgment, merged into the final judgment and decree of divorce. Although Ms. Flax had obtained a decision of the Magistrate that she was entitled to the payment of arrearages and temporary support, Mr. Flax filed a timely objection to that decision, and that objection was pending, unresolved, on February 11, 1997, when the final judgment and decree of divorce was entered. Accordingly, Ms. Flax's claimed right to the payment of any arrearages and temporary support had not been reduced to judgment at the time the final judgment and decree of divorce was entered, and her rights merged with the final decree.
Ms. Flax's Second Assignment of Error is overruled.
 IV
Both of Ms. Flax's assignments of error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
James R. Kirkland
Robert D. Goelz
Hon. Judson Shattuck