OPINION
Defendant-appellant, Jolynne Fisher, appeals from the judgment by the Common Pleas Court of Mercer County, Domestic Relations Division, designating Plaintiff-appellee, Luther Owen Fisher, the residential parent and legal custodian of the parties' minor child Ashley, born December 28, 1992.
The record reveals that Luther and Jolynne were married on June 29, 1991. Ashley is the only child born as issue of this marriage. On December 6, 1996, Luther filed a Complaint for Divorce with accompanying Motion for Temporary Orders seeking, inter alia, custody of Ashley. By consent Judgment Entry filed on January 13, 1997, Jolynne was designated the residential placement parent pending further order of the court. Following a January 22, 1997, hearing, and by subsequent consent Judgment Entry/Temporary Orders filed on February 3, 1997, the parties established a shared parenting plan. On April 10, 1997, a hearing was held on Luther's Motions for Contempt and Modification of Temporary Orders. As a result of this hearing a consent Judgment Entry was filed on May 5, 1997, designating Luther as the temporary residential parent of Ashley.
A hearing on Luther's Complaint for Divorce was held before a magistrate on June 25, 1997. The Magistrate's Decision, filed on July 24, 1997, designated Luther the residential parent and legal custodian of Ashley. On August 7, 1997, Jolynne filed Objections to the Magistrate's Report, as well as a Request for Separate Findings of Fact and Conclusions of Law. On October 20, 1997, the magistrate's Findings of Fact and Conclusions of Law were filed. The trial court filed a Judgment Entry Adopting Findings of Fact and Conclusions of Law on this same date. On November 21, 1997, the trial court filed a Judgment Entry amending the court's October 20 entry.
On December 16, 1997, Jolynne filed a Notice of Appeal from the Judgment Entry filed by the trial court on November 21, 1997. This Court, by Journal Entry dated January 9, 1998, dismissed Jolynne's appeal for lack of jurisdiction. The basis for said dismissal was although the magistrate had entered his final "decision," the trial court had yet to file a decree of divorce or render a final determination and order for support and property division. Consequently, this Court found the trial court's judgment on custody was not, as of November 21, 1997, a final appealable order.
On February 19, 1998, Jolynne filed a Motion for Reallocation of Parental Rights and Responsibilities. A final hearing on the motion and other matters was held on August 5, 1998. The Magistrate's Decision denying Jolynne's motion was filed on August 21, 1998. On September 30, 1998, Jolynne filed Objections to the Magistrate's Report. The trial court overruled Jolynne's objections and adopted the magistrate's decision by Judgment Entry filed October 29, 1998. Jolynne then filed a Motion for Reconsideration of Objections on November 12, 1998. By Judgment Entry entered on December 16, 1998, the trial court again overruled Jolynne's objections.
Finally, on January 15, 1999, the trial court entered a Judgment Entry-Decree of Divorce. Included in this entry was the determination that the parental rights and responsibilities orders previously issued in the November 21, 1997, Judgment Entry were not to be modified. Jolynne's motion for a change of parental rights and responsibilities was therefore dismissed and Luther maintained status as residential parent and legal custodian of Ashley.
It is from this Judgment Entry-Decree of Divorce that Jolynne now appeals and submits one assignment of error, which is:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT HEREIN, IN FAILING TO PROPERLY APPLY OHIO REVISED CODE SECTION 3109.04 IN MAKING ITS DETERMINATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.
Essentially, Jolynne asserts the trial court erred by finding that it was in Ashley's best interest to designate Luther as residential parent and legal custodian.
In Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849, the Ohio Supreme Court stated:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
A trial court's decision in a child custody matter must be upheld absent an abuse of discretion. Id. An abuse of discretion connotes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142 (citations omitted).
A trial court weighs the evidence and determines the credibility of the witnesses and, ultimately, its decision must be guided by R.C. 3109.04. Miller at 74-75. The inquiry into an initial custody decree only requires the court to use the best interests of the child in rendering its decision. Rowe v. Franklin (1995), 105 Ohio App.3d 176, 180, 663 N.E.2d 955,957-958. To this end, R.C. 3109.04 provides, in relevant part:
 (B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children
Division (F)(1) of R.C. 3109.04 provides that a trial court must consider all relevant factors, including but not limited to the ten specific factors set forth in R.C. 3109.04(F)(1)(a) through (j).
In this case, an initial hearing on Luther's Complaint for Divorce was held before the magistrate on June 25, 1997. The Magistrate's Decision, filed on July 24, 1997, designated Luther the residential parent and legal custodian of Ashley. Jolynne then filed a Request for Separate Findings of Fact and Conclusions of Law. Notwithstanding that the time for filing of objections begins to run when the magistrate files a decision including findings of fact and conclusions of law, Jolynne filed Objections to the Magistrate's Report contemporaneously with her Request for Separate Findings of Fact and Conclusions of Law. In her Objections Jolynne asserted "the Magistrate's Decision, in ordering that Plaintiff be designated the residential parent and legal custodian of the parties' minor child, failed to sufficiently take into consideration the requirements of R.C.3109.04." Such an assertion at that point in the proceedings is perplexing in light of the fact that Jolynne did not at that time have the benefit of the magistrate's findings of fact and conclusions of law.
On October 20, 1997, the magistrate's Findings of Fact and Conclusions of Law were filed. A review of this entry reveals the magistrate specifically considered those factors set forth in R.C.3109.04(F)(1)(a) through (j) when making the allocation of parental rights and responsibilities.[1] The trial court entered a Judgment Entry Adopting the Findings of Fact and Conclusions of Law on October 20, 1997. On November 21, 1997, a Judgment Entry was filed amending the court's October 20 Judgment Entry. This entry also designated Luther the residential parent and legal custodian of Ashley.
Following an unsuccessful attempt to appeal to this Court the November 21, 1997, Judgment Entry, Jolynne filed with the trial court a Motion for Reallocation of Parental Rights and Responsibilities on February 19, 1998. She asserted "that there have been significant changes since the original hearing on June 25, 1997, and additional information should be presented to the court." Further, Jolynne acknowledged in her motion that the November 21, 1997, order could "be considered temporary in nature, or in the alternative, an interim order pending the filing of the final decree of divorce. As such, the order is also subject to change by the court prior to the filing of the final decree of divorce." In essence, Jolynne claimed there had been a change in circumstances sufficient to warrant modification of the temporary or interim order concerning parental rights and responsibilities.
Following a full hearing, the magistrate entered a decision on August 21, 1998, denying Jolynne's motion. On September 30, 1998, Jolynne filed Objections to the Magistrate's Report. Jolynne asserted therein that "the Magistrate's Decision, in ordering that Defendant's Motion for Reallocation of Parental Rights and Responsibilities be dismissed, failed to sufficiently take into consideration the evidence provided in Plaintiff's testimony which would support the change of circumstances burden of R.C. 3109.04(E)(1)." The trial court overruled Jolynne's objections and adopted the magistrate's decision by Judgment Entry filed October 29, 1998. Jolynne then filed a Motion for Reconsideration of Objections on November 12, 1998. By Judgment Entry entered on December 16, 1998, the trial court, after making an independent review of the transcript and objections, overruled Jolynne's objections, finding there were "not circumstances present, based upon the testimony, which would support the change of custody as outlined in the objections of the defendant."
Finally, on January 15, 1999, the trial court entered a Judgment Entry — Decree of Divorce. Included in this entry was the determination that the parental rights and responsibilities orders previously issued in the November 21, 1997, Judgment Entry were not to be modified. The orders preceding the January 15, 1999, entry merged into this final judgment entry. Colom v. Colom (1979), 58 Ohio St.2d 245, 389 N.E.2d 856. Therefore, each order regarding child custody that preceded the final entry was interlocutory in nature and subject to the trial court's final decree on the issue of custody. Until the trial court entered its final decree in the matter, any order concerning child custody could have been modified by the court. Consequently, when the final judgment was entered, Jolynne's motion for a change of parental rights and responsibilities was dismissed and Luther maintained status as residential parent and legal custodian of Ashley.
Here, Jolynne argues the trial court committed error by failing to properly apply R.C. 3109.04 in making its determination of parental rights and responsibilities. The inquiry into an initial custody decree only requires the court to consider the best interest of the child in rendering its decision. The record indicates both parents and various witnesses offered testimony at the June 25, 1997, hearing. The record further indicates the trial court engaged in the required statutory analysis after hearing the testimony and considering the evidence offered at the June 25 hearing and, accordingly, determined it was in Ashley's best interest to designate Luther as the residential parent and legal custodian. Such analysis is evinced by the Findings of Fact and Conclusions of Law entered by the magistrate and adopted by the trial court. Based on the record before us, we cannot say the trial court's attitude was unreasonable, arbitrary, or unconscionable. Therefore, we find the trial court properly applied R.C. 3109.04 in making its determination of parental rights and responsibilities.
Subsequent to the initial custody determination, Jolynne essentially requested the court to modify its decision. In her Motion for Reallocation of Parental Rights and Responsibilities, Jolynne asserted there had been "significant changes since the original hearing on June 25, 1997." As Jolynne acknowledged in her motion, absent a change in circumstances, the trial court would not be required to revisit an issue it had already fully determined. To require otherwise would be to unnecessarily subject the trial court to repeated consideration of the child custody issue while final judgment in the matter was pending. In this case, after weighing the evidence and determining the credibility of the witnesses, the magistrate found no circumstances present to warrant a change in the initial custody determination. The trial court then made an independent review of the transcript of the August 5 hearing and affirmed the magistrate's decision overruling Jolynne's motion. As this Court is guided by the presumption that the trial court's findings were indeed correct, we hold the trial court did not error in concluding there was no change in circumstances sufficient to warrant a modification of the court's initial custody determination.
Assuming arguendo the trial should have only considered the best interest of the child when considering Jolynne's modification request, each order preceding the final decree was interlocutory in nature and, therefore, when the final judgment was entered on January 15, 1999, those preceding orders merged into the final decree. Those interlocutory orders could not extend beyond the final judgment and the final judgment replaced all that transpired before it. The Final Judgment-Divorce Decree in this case provided that the parental rights and responsibilities orders previously issued in the November 21, 1997, Judgment Entry were not to be modified.
In summary, we hold that the trial court properly applied R.C. 3109.04 in making its determination of parental rights and responsibilities, the trial court did not error in concluding there was no change in circumstances sufficient to warrant a modification of the court's initial custody determination, and that each order preceding the Final Judgment-Divorce Decree merged therein. Accordingly, the assignment of error is without merit.
Having found no error prejudicial to the appellant herein, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.
[1] The magistrates findings of fact included the following: (1) due to the child's age, she is unable to express her wishes with regards to her care; (2) the child interacts well with both parents and grandparents who may significantly effect the child's best interest; (3) the parties' minor child was raised in the Rockford, Ohio, area, and all contacts until the defendant mother moved from the state of Ohio were in the Rockford, Ohio area; (4) while the demeanor of the defendant during the course of the proceedings caused the undersigned to question mental capacity and while the defendant [sic] has physical problems, which require him to be in a wheelchair, the evidence fails to establish that either party is incapacitated to the point that they are unable to provide for their minor child; (5) On February 3, 1997, the court entered a shared parenting plan by agreement of the parties as the parties felt this was in their child's best interest. The defendant's move has interfered with this plan being carried out; (6) neither party has been convicted of a crime as outlined in R.C. 3109.04, and the evidence fails to establish that there are any problems with child support; (7) defendant has removed herself from the state of Ohio and has moved to Fayetteville, AR. This was not done for the purposes of obtaining employment or improving herself and no justification under Ohio law which would provide for the well being of the minor child has been presented.