**In re Harry D. MITCHELL, Debtor.**

**Janice Mitchell, Plaintiff,**

v.

**Harry D. Mitchell, Defendant.**

**Bankruptcy No. 99–56806.**

**Adversary No. 99–0300.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 2, 2000.

Michael P. Vasko, Canal Winchester, OH, for plaintiff.

Jason H. Russ, Columbus, OH, for defendant/debtor.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of defendant Harry D. Mitchell, the debtor herein, to dismiss this adversary proceeding because the complaint allegedly fails to state a claim upon which relief can be granted. Plaintiff Janice Mitchell opposes the motion.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

The plaintiff commenced this action on September 17, 1998. Her complaint seeks, *inter alia,* a determination that certain obligations arising from a Temporary Order entered by the domestic relations court are nondischargeable. The parties' divorce action is currently pending in the Franklin County Common Pleas Court, Division of Domestic Relations.

The defendant answered the complaint on October 14, 1999. In his answer, he denied that the obligations are nondischargeable. On November 17, 1999, the defendant filed his motion to dismiss on the grounds that the domestic relations court has yet to issue a divorce decree or other final appealable order. According to him, the absence of a final decree renders the plaintiff's action premature and subject to dismissal for failure to state a claim.

Because the defendant previously had answered the plaintiff's complaint, his motion to dismiss is more properly considered a motion for judgment on the pleadings. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990). Where, however, the defense of failure to state a claim is raised in a motion for judgment on the pleadings, the Court must apply the same standard for determining a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).

Motions to dismiss for failure to state a claim are not favored, and will be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining the motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations in the complaint as true. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993).

The defendant has not cited any case law to support his contention. In this Court's own review, it appears that at least one bankruptcy court has considered the dischargeability of an obligation arising from a temporary order. *See Slover v. Slover (In re Slover),* 191 B.R. 886, 890 (Bankr.E.D.Okla.1996). Furthermore, Ohio law permits the enforcement of temporary orders in and of themselves so long as the arrearages have been reduced to

judgment prior to entry of a final divorce decree or are specifically referred to within such decree. *Colom v. Colom,* 58 Ohio St.2d 245, 389 N.E.2d 856, 858 (1979).

Based on the foregoing, it does not appear beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. The defendant's motion to dismiss is, therefore, **DENIED.**

**IT IS SO ORDERED.**