OPINION
{¶ 1} Margaret Glenn, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which allowed her only partial credit of the spousal support which she paid to defendant-appellee, John Robert Glenn, during the period of July 7, 1997, and April 21, 1999. On July 7, 1997, the trial court granted the parties a divorce. As a part of the July 7, 1997 divorce, the trial court granted permanent spousal support, which increased and replaced the temporary spousal support being paid prior to the divorce being granted. However, on April 21, 1999, the decree of divorce was set aside on appellee's motion for relief from judgment pursuant to Civ.R. 60(B). In his request for relief from judgment, appellee did not include a demand for temporary spousal support pendente lite either as reinstatement of the original temporary support order or for a new order for temporary spousal support. Consequently, the trial court did not provide any award of temporary spousal support to appellee during the pendency of the subsequent divorce proceeding. Following the order vacating the divorce decree, appellant sought a reimbursement of $48,690.72 for the spousal support paid by her pursuant to the invalidated decree of divorce.
 {¶ 2} On April 16, 2002, the trial court rendered a judgment entry decree of divorce. In that judgment decree, the trial court granted a partial credit upon appellant's motion for credit for the $48,690.72 by allowing appellee a credit of $15,488.72 for temporary spousal support which would have continued had not the 1997 invalid divorce decree taken place.
 {¶ 3} In this appeal, appellant assigns the following assignment of error:
 {¶ 4} "It is error for the trial [sic] to deny full credit for all spousal support paid where the final decree is vacated pursuant to a Civil Rule 60(B) motion and no request or motion had been made to revive the prior temporary spousal support order that had been merged into the vacated final decree."
 {¶ 5} Appellee has not filed a brief opposing the appeal pursuant to App.R. 18(C). If appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 6} In examining the facts stated by appellant, we find that they are fully supported by the record, both from the filings in the trial court and the findings of the trial court in rendering its decree of April 16, 2002.
 {¶ 7} The legal issue is whether a final divorce decree, which replaces a temporary spousal support order with a permanent spousal support order, merges the temporary order into the final order of the court, rendering the interlocutory order unenforceable. As to that issue, Colom v. Colom (1979), 58 Ohio St.2d 245, and Tims v. Holland Furnace Co. (1950), 152 Ohio St. 469, both cited by appellant, support that holding. In fact, in Tims, paragraph four of the syllabus, the court held that vacation of a judgment does not operate to resurrect or revitalize a previous judgment originally rendered and subsequently vacated. Thus, appellant has reasonably supported the fact that appellee is prohibited from accepting the benefit of a temporary support order merged into a decree that appellee, himself, has sought and obtained relief therefrom pursuant to Civ.R. 60(B). See, also, Colom, supra, syllabus.
 {¶ 8} As previously noted, appellee did not request reinstatement of temporary spousal support from the time the original judgment was vacated on April 21, 1999, or in his request in his 60(B) motion to vacate the original decree of July 7, 1997. It was only appellant who timely requested that the permanent spousal support paid pursuant to the subsequently invalidated divorce decree be credited to appellee in the final divorce decree.
 {¶ 9} As pointed out by appellant, the evidence tends to indicate that the status quo of the parties had changed demonstrably following the original grant of the divorce on July 7, 1997, and the time of the court's findings of fact on April 16, 2002. In the divorce decree of April 16, 2002, the trial court, without a motion therefor or any hearing on the continued validity of temporary spousal support, in effect, allowed temporary spousal support in the same amount be continued during the entire pendency of the proceedings. This holding is contrary to law cited by appellant, which supports the proposition that a party who has received and accepted the benefits of a judgment providing spousal support is required to offer to restore such benefits to the adverse party as a condition of challenging the judgment. See Block v. Block (1956), 165 Ohio St. 365. Even if that were not required, it appears that the only proper procedure by the trial court was to require a renewed motion by appellee to allow temporary spousal support from July 7, 1997, rather than the court sua sponte reinstating the previous temporary support order which had merged into the decree of July 7, 1997. We believe that the case law cited by appellant reasonably supports reversal of the part of the trial court's final divorce decree of April 16, 2002, where the court credited appellee with $15,488.72. Appellant's assignment of error is sustained.
 {¶ 10} We note, however, that our ruling in this case should not be used as precedent for future rulings, since the usual adversary process has not been followed as appellee has not provided any assistance to the court to come to any other conclusion.
 {¶ 11} Appellant's assignment of error is sustained, and the judgment of the trial court is reversed to the extent that the court is ordered to allow appellant a credit of the total amount of spousal support which she paid to appellee during the time between July 7, 1997 and April 21, 1999. Thus, appellant is entitled to a credit of $48,690.72, rather than the credit allowed appellant of $33,202. The Franklin County Court of Common Pleas, Division of Domestic Relation, is ordered to amend the divorce decree of April 16, 2002, to reflect that credit.
Judgment reversed and remanded.
TYACK, P.J., and BOWMAN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.