OPINION
{¶ 1} Defendant Roy Dorton appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which overruled all appellant's objections to the report of the magistrate, with the exception of the calculation of spousal support arrearages. Appellant assigns a single error to the trial court:
 {¶ 2} "The Trial Court Erred And Abused Its Discretion When It Reduced, After Decree, An Arrearage Which Accumulated Prior To The Granting Of The Decree Of Divorce Pursuant To The Court's Decision To Increase The Spousal Support Retroactively To The Date Of The Original Decree."
 {¶ 3} The magistrate's decision states the following facts: the parties were married February 3, 1973, and divorced in 1999. They had produced three children, one of whom was emancipated. Appellee Cheryl Dorton, took custody of their daughter, who was then age seventeen, and eventually, husband became the custodian of their sixteen year old son.
 {¶ 4} Appellant appealed the original divorce decree, and this court remanded the matter for specific rulings on various objections appellant had made to the prior magistrate's decision. Among the specific rulings the trial court made in response to our remand were several orders regarding child support for the two children, and spousal support. The orders upon remand were different from the original orders. The court orders specifically preserved any arrearages that had accumulated.
 {¶ 5} Appellee later filed a motion for contempt of court for non-payment of spousal support. The parties stipulated to CSEA records which showed appellant had over paid $953.68 for his daughter, while appellee had an arrearage of $1,547.56 that she owed in child support for the parties' son who was in appellant's custody.
 {¶ 6} Regarding spousal support, the magistrate noted appellant had first been ordered to pay $650 per month effective June, 1999. In the final decree on September 27, 2000, the spousal support was established at $1,000 per month effective June 1, 1999. CSEA had calculated the parties' total support obligations and their total payments, and determined appellant owed appellee a net amount of $8,701.54.
 {¶ 7} Appellant argued to the magistrate, the trial court, and before us the arrearage should be forgiven under the doctrine of merger. In Colom v. Colom (1979), 58 Ohio St.2d 245, the Ohio Supreme Court held that a final judgment in a divorce decree should replace all that had transpired before it. The court found in a domestic relations action interlocutory orders are merged into the final decree and the right to enforce the interlocutory orders does not extend beyond the decree unless they have been reduced to separate judgment, or they have been considered by the trial court and specifically referred to within the decree.
 {¶ 8} The magistrate found the decree of divorce provided the temporary order would terminate on June 5, 1999, and noted any arrearages would be preserved. The magistrate found there was no arrearage from the temporary order, and thus, the doctrine of merger did not apply.
 {¶ 9} We agree with the magistrate the arrearage which accrued was not the result of temporary orders, but arose after the original decree was entered, but while appellant's challenges to the decree were pending. Further, we find the order specifically addresses the issues of child and spousal support, and specifically preserves any arrearages. For this reason, we find the doctrine of merger does not apply.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware, Ohio is affirmed.