JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Nancy Kovacic (Nancy) appeals the court's denial of her "motion for relief from judgment entry of May 21, 1999 and for clarification and modification of *Page 3 
provisions pursuant to Ohio Rule of Civil Procedure 60(B)(5)."[1]
After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On June 19, 1996,[2] Nancy and her soon-to-be ex-husband, Thomas Kovacic (Thomas), entered into a temporary agreed judgment entry (temporary agreement) relating to their upcoming divorce, the pertinent part of which stated that the parties were to consolidate various tax and credit card debts into a home equity loan, and that "Husband shall be responsible for paying the equity loan." On July 18, 1996, the parties took out a $25,000 home equity loan pursuant to this agreement.
 {¶ 3} On May 21, 1999, the court journalized the parties' final divorce decree. In relation to the home equity loan, the court stated the following:
 "The court further finds that defendant [Thomas] is in violation of the court's agreed judgment entry of June [19], 1996, in failing and refusing to honor his obligation to pay for the parties' equity line of credit on the marital residence held by Huntington Bank. This court further finds that defendant shall pay to plaintiff the sum of $6,000 in order to bring said arrearages current." *Page 4 
 {¶ 4} Furthermore, the final divorce decree makes two subsequent references to the home equity loan. First, the court ordered that the $6,000 arrearage be paid from a specific marital fund held at Charter One Bank. Second, in awarding the family's house to Nancy, the court noted the home equity loan, labeled as a second mortgage, in its determination of the equity in the marital residence.
 {¶ 5} It is undisputed that Thomas paid the $6,000 arrearage according to the final divorce decree. Subsequently, Nancy made the remaining payments on the home equity loan, which was paid in full by April 19, 2002.
 {¶ 6} On January 9, 2006, Nancy filed the motion at issue in the case at hand, and argued that she was entitled to recoup the payments she made on the home equity loan (totaling $33,210.65 with interest), because the temporary agreement did not merge into the final divorce decree. Rather, Nancy argued, the temporary agreement was referred to in, and thus incorporated by, the final divorce decree, rendering the temporary agreement "enforceable."
 {¶ 7} On November 20, 2006, the court denied Nancy's motion, making the following conclusions of law:
 "First, the plain reading of the final judgment of divorce demonstrates that the trial court (1) considered the Agreed Judgment Entry of [June] 19, 1996, and the past and future amounts due and owing on the mortgage to Huntington Bank at trial; (2) deducted the balance due on the mortgages from the gross equity in the marital residence before determining the marital equity; (3) ordered the arrears of $6,000 deducted from escrow to be paid to plaintiff to compensate her for the defendant's failure to pay[;] (4) awarded all interest in the residence to the plaintiff after consideration of the two mortgage loans and *Page 5 
her separate property interest[;] and (5) failed to specifically order the defendant or the plaintiff to pay the future payments due on the Huntington Bank home equity loan. Plaintiff's credibility is impacted when she made all payments on the home equity loan over a period of years, which is the sole issue herein, and now claims after six years post judgment that the court order needs clarification, wanting the defendant to repay her. This Court finds nothing confusing about the trial court's decision given plaintiff's payment of that loan in full. While the order is silent about payment of the two mortgages, it implies that the plaintiff was awarded the residence subject to her payment of both mortgages. As she never appealed the trial court's judgment, or filed a motion to show cause against the defendant for nonpayment of the home equity loan, and as she fully paid the home equity loan, it is clear that she believed she was to pay the home equity loan. If she did not believe it was the court's order for her to pay the home equity loan, she should have (1) appealed that judgment; and/or (2) filed a Civ.R. 60(A) motion to correct the court's judgment if she believed it was a clerical error[;] or (3) filed a Civ.R. 60(B)(1) motion to vacate the court's judgment if she believed the court made a mistake; and/or (4) filed a motion for contempt against the defendant for his failure to pay. She did not pursue to completion any legal remedy other than this motion." (Emphasis added.)
 {¶ 8} It is from this order that Nancy appeals.
 II {¶ 9} In her first assignment of error, Nancy argues that "it was an abuse of discretion and the trial court erred in finding that the agreed judgment entry of June 19, 1996 was merged into the final decree of May 21, 1999, and that defendant was not responsible for payment of the home equity loan." *Page 6 
 {¶ 10} In Colom v. Colom (1979), 58 Ohio St.2d 245, the Ohio Supreme Court held the following: "In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree." Id. at syllabus.
 {¶ 11} Generally, we review trial court's determinations in domestic relations cases for an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In the instant case, the temporary agreement was an interlocutory order, requiring Thomas to pay the home equity loan. The final divorce decree expressly requires Thomas to pay the $6,000 arrearage on that loan, and it refers to the fact that the loan exists. However, as noted by the trial court in its November 20, 2006 journal entry, the final decree is silent as to who is responsible for making payments on the home equity loan after the divorce. Compare withGarrett v. Garrett (Oct. 19, 2000), Franklin App. Nos. 99AP-1050 and 99AP-1306 (holding that a temporary support order was incorporated into the parties' divorce decree when the decree had the following language: "The temporary orders of the court are hereby incorporated by reference into the decree of divorce"); Jackman v. Jackman (June 16, 1986), Madison App. No. CA85-10-031 (holding that although the terms of the monthly support differed from the temporary order to the final divorce, the appellant was still *Page 7 
responsible for the temporary order arrearage amount because the court "made adequate and specific reference to the temporary support order arrearage").
 {¶ 13} We find that the court did not abuse its discretion when it ruled that the June 19, 1996 temporary order merged with the May 21, 1999 final divorce decree, and furthermore that the final divorce decree was silent as to which party was responsible for future payments on the home equity loan. Whether or not this silence amounts to an ambiguity is moot because Nancy made all of the future payments and she failed to appeal the decree in a timely fashion. Pursuant to App.R. 4(A), an appeal shall be filed within 30 days of the entry of final judgment. In the instant case, appellant did not raise the issue of enforcement or ambiguity of the final decree until approximately six years and eight months after judgment, and approximately four years after she paid the home equity loan in full. Accordingly, Nancy's first assignment of error is overruled.
 III {¶ 14} In her second assignment of error, Nancy argues that "the trial court erred in allowing defendant's counsel to use extrinsic, unauthenticated evidence to improperly cross examine plaintiff to attempt to impeach her credibility." Specifically, Nancy argues that the improperly admitted evidence was "a Court of Appeals decision in an unemployment compensation case of plaintiff to attempt to impeach her character and credibility * * *." *Page 8 
 {¶ 15} The standard of review for admissibility of evidence is abuse of discretion. See Peters v. Ohio State Lottery Comm. (1992),63 Ohio St.3d 296. The admissibility of relevant evidence rests within the sound discretion of the trial court, and a reviewing court will not reverse the decision unless the court abuses that discretion. State v. Robb
(2000), 88 Ohio St.3d 59. See, also, Evid.R. 402. "Rebutting evidence is that given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." State v. McNeill (1998), 83 Ohio St.3d 438, 446.
 {¶ 16} In the instant case, Nancy testified that after the divorce she was in "dire financial straights" as evidence of her argument that she was entitled to reimbursement of the money she paid toward the home equity loan. However, Thomas introduced evidence of litigation between Nancy and her former employer, Higbee Department Store, showing that Nancy was not eligible for unemployment compensation because she was fired from Higbee's. See Kovacic v. Higbee Department Stores, Lake App. No. 2004-L-150, 2005-Ohio-5872. Thomas argues that this lawsuit was relevant to the case at hand for two reasons. First, it shows that Nancy contributed toward her financial situation by being terminated from employment. Second, it shows that she could afford to pay an attorney at the time. We find that evidence of the unemployment compensation lawsuit is relevant to rebut *Page 9 
Nancy's testimony in the instant case, and the court did not abuse its discretion by admitting it into trial.
 {¶ 17} Nancy also argues that the Eleventh District Court of Appeal's opinion was not properly authenticated, thus violating Evid.R. 901 and 902. Evid.R. 901 states the following: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." We first note that a review of the record in the instant case shows that no court document relating to Nancy's unemployment litigation was introduced into evidence. Rather, during Nancy's cross-examination, defense counsel made the following statement: "You filed a lawsuit, right, that was heard by the Eleventh Appellate District, Lake County, Ohio, Nancy Kovacic vs. Higbee Department Stores[?]" Nancy acknowledged that she filed the lawsuit and various references were made to the circumstances of her employment termination. We also note that no objections were made on the record to this line of questioning.
 {¶ 18} We find no Ohio case law directly on point with this rather unusual argument. However, given that one party referred to a document, namely a court opinion, the other party admitted that the document existed, no document was proffered into evidence, and a search of public records in the Eleventh District Court *Page 10 
of Appeals reveals that the document does in fact exist, we find no abuse of discretion in not "authenticating" the court's opinion.
 {¶ 19} Nancy's second assignment of error is overruled.
 IV {¶ 20} In her third and final assignment of error, Nancy argues that "the court erred in failing to provide plaintiff an opportunity to proffer evidence as requested by counsel." Specifically, Nancy argues that she should have been able to introduce evidence of two interim support orders to show that these orders, unlike the June 19, 1996 temporary agreement, merged into the final divorce decree.
 {¶ 21} In the instant case, the court sustained Thomas' objection to Nancy raising the issue of pre-decree, temporary orders, including references to the amount of the first mortgage. The court ruled that the only "divorce" documents that are relevant are the May 21, 1999 final judgment and the disputed June 19, 1996 temporary agreement.
 {¶ 22} Colom, supra, speaks directly to this issue:
 "[T]he extension of the merger doctrine to extinguish the right of further action on interlocutory orders that have not been included within the decree or reduced to judgment serves the salutary purpose of consolidating the adjudicated rights and duties of the parties into a single document, and prevents the resurrection of the interlocutory matters after the decree. Unless later successfully challenged, it may be reasonably presumed that the trial court in entering the final decree took into consideration all that has transpired in the matter between the parties prior to the decree." Colom, supra, at 248. *Page 11 
 {¶ 23} As we held in Nancy's first assignment of error, her challenge of the merger doctrine failed as to the June 19, 1996 temporary agreement, and she has not challenged the independence of any other interlocutory orders; therefore, they are irrelevant and inadmissible. Nancy's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] Nancy argues that despite her labeling the January 9, 2006 motion as noted above, she requested that the court review and enforce various provisions of both the June 19, 1996 temporary agreement and the May 21, 1999 final judgment entry of divorce. We take this into consideration in analyzing Nancy's assignments of error.
[2] The date of this temporary agreement is referred to in this lengthy case as being June 16, 1996, June 19, 1996, and July 19, 1996. For purposes of this appeal, we refer to the agreement as the June 19, 1996 agreement. *Page 1