[Cite as *McClain v. McClain*, 2011-Ohio-6101.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Tamara McClain, | : | Case No. 10CA53 |
| | : | |
|     Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| Lawrence McClain, | : | |
| | : | **RELEASED 11/17/11** |
|     Defendant-Appellant. | : | |

_____
APPEARANCES:[1]

Lawrence McClain, Nelsonville, Ohio, appellant, pro se.
_____
Per Curiam

{¶1}    Lawrence McClain appeals the trial court's judgment in this divorce action, contending that the court erred in its division of marital property because the court did not divide Mrs. McClain's 2009 tax refund.  The trial court adopted a magistrate's decision that failed to classify this refund as marital or separate property and failed to allocate the refund.  Because a trial court has a mandatory duty to classify and divide property in a divorce proceeding, we find that the court's omission constitutes plain error, reverse the decision, and remand for further proceedings.

I.  Facts

{¶2}    Mrs. McClain filed for divorce in 2009.  In January 2010, the magistrate issued a temporary order stating:  "[T]he Magistrate hereby ORDERS that for tax year 2009 (filing date of April, 2010) the parties cooperate and work with C & J Tax Service in order to utilize the filing status that is of most benefit to both parties.  Any tax refund shall be divided equally between the parties and the parties shall each be responsible

_____
[1] Tamara McClain has not entered an appearance or otherwise participated in this appeal.

for one-half of any tax liability." (Emphasis in original). Later, the magistrate granted Mrs. McClain "the tax exemptions for the parties['] minor children for the purposes of federal, state and local tax returns for calendar year 2009." Subsequently, Mr. McClain filed a motion for contempt complaining that Mrs. McClain had not "completed 2009 taxes in compliance with the order of the Honorable Court, dated January 12, 2010." The magistrate set a show cause hearing and the final hearing on the complaint for divorce for the same date.

{¶3} At the hearing, Mr. McClain attempted to argue that Mrs. McClain violated a court order by claiming the exemptions for the children, but the magistrate pointed out her prior order allowing Mrs. McClain to do so. Mrs. McClain's attorney indicated that she received a tax refund check for 2009, and Mrs. McClain testified that she wanted to keep the refund. Mr. McClain asked the magistrate if she would be dividing "the taxes" at the hearing, presumably in reference to the 2009 refund, because he was in a "desperate" financial situation. The magistrate responded, "I'll take that into consideration * * * and it will be set forth in my recommendations." However, the magistrate did not address the 2009 tax refund in her decision.

{¶4} Mr. McClain filed the following objection to the decision:

> Now comes Defendant and moves this honorable Court to: have a hearing on said matter Defendant has been treated unfairly and unjustly, and feels magistrate has sided plainly with the Plaintiff, and has made decision based upon untruthful testimony of Plaintiff and Gaurdian [sic] Anna Mason, who Defendant feels is not qualified to make decisions and that property has not been divided equal and debts [sic], and Defendant feels these were made because Defendant was without legal council [sic] and resources to hire legal council [sic].

In response, the trial court noted that Mr. McClain "states the property was not divided equally, but does not suggest how it should have been divided" and that he "did not

provide any supportive affidavits or a transcript for the Court to consult to see if there was testimony to support his basic contentions." The court overruled Mr. McClain's objections and adopted the magistrate's decision. This appeal followed.

## II. Assignment of Error

{¶5} Mr. McClain assigns one error for our review:

The Magistrate failed to divide the 2009 tax refund.

## III. Tax Refund

{¶6} In his sole assignment of error, Mr. McClain complains that the magistrate – whose decision the trial court adopted – failed to divide Mrs. McClain's 2009 tax refund. Initially, we must address the standard of review. Civ.R. 53(D)(3)(b)(i) provides that a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." However, "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Moreover, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶7} Although Mr. McClain filed an objection to the magistrate's decision, he only vaguely argued that the "property has not been divided equal [sic] * * *." He did not specifically challenge the magistrate's failure to address the tax refund. Therefore, Mr. McClain has forfeited all but plain error as to this issue. See *Burriss v. Burriss*, Lawrence App. Nos. 09CA21 & 10CA11, 2010-Ohio-6116, at ¶28.

**{¶8}** "Although in *criminal* cases '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court,' Crim.R. 52(B), no analogous provision exists in the Rules of *Civil* Procedure. The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099.

**{¶9}** Mr. McClain essentially complains that the trial court could not have equitably divided the former couple's property unless it divided the 2009 tax refund. Mr. McClain correctly notes that the magistrate issued a temporary order stating that any refund for the 2009 tax year "shall be divided equally between the parties." However, that order was interlocutory, and "[i]n a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree." *Colom v. Colom* (1979), 58 Ohio St.2d 245, 389 N.E.2d 856, at syllabus. Because the decree did not mention the temporary order regarding the tax refund and the order was never reduced to a separate judgment, it is no longer enforceable. So by default, it appears that Mrs. McClain has retained the entire refund.

{¶10} However, as Mr. McClain also points out in his brief, the magistrate's decision "states nothing about the tax return." (Appellant's Br. 6). "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses * * *." R.C. 3105.171(B). Thus the court has a mandatory duty to classify and divide marital and separate property. See *Lowe v. Lowe*, Pickaway App. No. 10CA30, 2011-Ohio-3340, at ¶¶5-6. Moreover, "[i]n any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided * * *." R.C. 3105.171(G).

{¶11} Here, the trial court did not classify the tax refund as marital or separate property, and as Mr. McClain points out, the court made no mention in the divorce decree of how the tax refund should be divided despite its mandatory duty to do so. Therefore, we find the trial court committed plain error when it failed to classify the tax refund as marital or separate property and allocate it in the divorce decree. Accordingly, we sustain the sole assignment of error, reverse the trial court's judgment, and remand the matter to the trial court to classify the refund and equitably divide all the McClains' property, including the refund. However, we note that contrary to Mr. McClain's contention, even if the trial court concludes the refund constitutes marital property, the court need not necessarily divide the refund equally to effectuate an equitable division of property. See R.C. 3105.171(C)(1) (explaining that generally the division of marital property "shall be equal" but if "an equal division of marital property

would be inequitable, the court shall not divide the marital property equally but instead

shall divide it between the spouses in the manner the court determines equitable").

JUDGMENT REVERSED
AND CAUSE REMANDED.

Harsha P.J., Dissenting:

{¶12} As the trial court pointed out in the record, appellant's objection to the magistrate's decision was very general and did not explicitly address the tax refund. Based upon the generic nature of the objection, the trial court would have been hard pressed to know that Mr. McClain was objecting to the failure to divide the tax refund. Thus, I cannot find plain error here.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.
Harsha, P.J.: Dissents with Opinion.

For the Court

BY: _____
Peter B. Abele, Judge

BY: _____
Matthew W. McFarland, Judge

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**