**In re KRECHTING.**

[Cite as *In re Krechting* (1996), 108 Ohio App.3d 435.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA95–06–038.

Decided Jan. 22, 1996.

*Michael J. Finney,* for appellant Clermont County Department of Human Services.

*Mary Krechting, pro se.*

---

WALSH, Presiding Judge.

Appellant, Clermont County Department of Human Services, appeals a decision of the Clermont County Juvenile Court denying a motion to establish a support order.

Appellee, Mary M. Krechting, is the mother of a minor child, Michael Krechting, who was adjudicated delinquent on February 1, 1994 after committing an assault upon his mother for which he was charged with felony domestic violence. Michael was then placed in the temporary custody of appellant and assigned to a foster home.

On August 23, 1994, appellant moved pursuant to R.C. 3113.215 to establish an obligation on behalf of appellee to contribute to Michael's support. After a hearing before a juvenile court referee on October 20, 1994, the referee recommended that appellant's motion be dismissed. The referee's recommendation stated:

"Dismiss. Find no ability to pay support without affecting ability of mother to meet basic needs. Further find that an order for support is not appropriate given the nature of the underlying delinquency charge."

On June 1, 1995, following a November 29, 1994 hearing on appellant's objections to the ruling, the trial court approved the referee's report. This appeal followed.

Appellant presents two assignments of error for review. In its first assignment of error, appellant states that the trial court erred to appellant's prejudice by failing to prepare and make part of the record a child support computation worksheet. We agree.

When a child is in the temporary custody of a children's services agency, the juvenile court is authorized to examine the income of the child's parent and order that parent to pay for the care, maintenance, and various other expenses of the child. See R.C. 2151.36.[1] The court's calculations of the parent's child support

---

1. R.C. 2151.36 states:

"When a child has been committed as provided by this chapter, the juvenile court may make an examination regarding the income of the parents * * * and may then order the parent

obligation must be done in accordance with R.C. 3113.215.[2]   The Supreme Court of Ohio has interpreted this section of R.C. 3113.215 to mean that a child support worksheet must "actually be completed and made a part of the trial court's record."   *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 142, 601 N.E.2d 496, 498. We hold, further, that the child support worksheet must be completed *by the trial court.*   This means that the trial court may not merely adopt by reference worksheets that have been completed by either party.[3]   Accordingly, since the trial court did not complete a child support worksheet or include a worksheet as part of its record in this case, we sustain appellant's first assignment of error.

In its second assignment of error, appellant states that the trial court erred to appellant's prejudice by deviating from the child support schedule and worksheet without making findings of fact supporting that determination.   Appellant's second assignment of error is well taken.

Under R.C. 3113.215(B)(1), the amount of child support derived from the child support schedule and worksheet is rebuttably presumed to be correct.   To deviate from the child support guidelines in the statute, the trial court must make findings of fact to support the deviation and must find that the statutorily prescribed amount is unjust or inappropriate and not in the best interest of the child.   R.C. 3113.215(B)(1).   "Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." *Marker v. Grimm,* 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph three of the syllabus.

Here, the referee's recommendation, which the trial court adopted, contains no findings of fact in support of its determination that appellee be relieved from the obligation to support Michael.   Moreover, the recommendation addresses only the impact paying child support would have upon appellee and does not appear to consider the best interest of the child.   It has been determined that "the overriding concern of the law is 'the best interest of the child' for whom support is being awarded."   *Marker* at 141, 601 N.E.2d at 498.   While we understand the reluctance of the referee to order a mother who is the sole source of support of

---

\* \* \* to pay for the care, maintenance, and education of the child and for expenses involved in providing orthopedic, medical or surgical treatment for, or special care of, the child."

**2.**   R.C. 3113.215(B)(1) states:

"[T]he court \* \* \* shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (D) of this section, the applicable worksheet in division (E) or (F) of this section, and the other provisions of this section \* \* \*."

**3.**   We would consider a worksheet prepared by a magistrate and adopted by the court as having been completed by the trial court.

two other children and who earns a modest salary to provide financial support to a child who has assaulted her, the referee must provide adequate justification, as prescribed by the statute, for the decision. Consequently, the trial court's adoption of the referee's report was in error and appellant's second assignment of error must be sustained.

The decision of the trial court denying appellant's motion to establish a support obligation is hereby reversed, and this action is remanded to the trial court to complete the child support worksheet and calculate appellee's support obligation in accordance with the procedures set forth in R.C. 3113.215 and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG and POWELL, JJ., concur.