Appellant and appellee were divorced on April 16, 1993 by the Family Court of the state of New York. On September 12, 1997, a consent decree was filed concerning certain obligations of the parties and appellee's relocation to Warren County, Ohio with the parties' two minor children ("New York decree"). Pursuant to the UIFSA, the New York decree was registered on February 25, 1998 and confirmed on March 26, 1998. Pursuant to the New York decree, appellant was obligated to pay child support in the amount of $246.75 per week, and fifty percent of unreimbursed medical expenses and fifty percent of orthodontic expenses after appellee paid the first $1,500. Child support was to continue until the children reached age twenty-one, which is provided by statutory law in New York.
On March 31, 1998, appellant filed a motion with the Warren County Court of Common Pleas, Division of Domestic Relations, which sought, inter alia, to modify appellant's child support obligation under the New York decree. After notice and a hearing, the magistrate left the New York decree undisturbed with the exception of ordering the income tax exemptions for the parties' two minor children to be allocated to appellant. Both parties filed objections to the decision of the magistrate. After a hearing on the objections, the trial judge filed an order on August 25, 1998 affirming the decision of the magistrate with the exception of the income tax exemptions for the two minor children, which he left divided among the two parties as originally ordered in the New York decree. In addition, appellee's separate motion for attorney fees was granted. Finally, appellant's motion for relief from judgment under Civ.R. 60(B) was overruled as premature and, in any event, without merit. Appellant filed a timely notice of appeal from the August 25, 1998 order of the trial court and presents ten assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT COMPLETING AND SUBMITTING A WORKSHEET REFLECTING THE CORRECT INCOME OF THE PARTIES IN THE CALCULATION OF CHILD SUPPORT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY INCORRECTLY STATING THE GROSS INCOME OF THE FATHER.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT IN NOT CALCULATING THE CORRECT AMOUNT OF POTENTIAL AND UNEARNED INCOME ATTRIBUTABLE TO THE MOTHER.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY NOT CONSIDERING IN A FAIR AND JUDICIOUS MANNER THE FACTORS FOR DEVIATING FROM OHIO SUPPORT GUIDE LINES AS OUTLINED IN THE O.R.C. 3113.21.5[3113.215](B)(3).
Assignment of Error No. 5:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT IN STIPULATING THAT THE DEFENDANT-APPELLANT'S CHILD SUPPORT PAYMENTS CAN ONLY BE MADE VIA AN INCOME EXECUTION ORDER.
Assignment of Error No. 6:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY NOT AWARDING THE FEDERAL TAX EXEMPTION TO THE DEFENDANT-APPELLANT.
Assignment of Error No. 7:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY AWARDING OUT-OF-POCKET MEDICAL EXPENSES TO THE PLAINTIFF-APPELLEE.
Assignment of Error No. 8:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY AWARDING ATTORNEY FEES TO THE PLAINTIFF-APPELLEE.
Assignment of Error No. 9:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN THE COURT FAILED TO GRANT THE DEFENDANT-APPELLANT HIS MOTION FOR RELIEF FROM JUDGEMENT [sic].
Assignment of Error No. 10:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FAILING TO ADDRESS THE ISSUE OF EMANCIPATION IN THE TRIAL COURT'S FINAL DECISION AND ENTRY DATED AUGUST 25, 1998.
In the first assignment of error, appellant argues that the trial court failed to submit a worksheet in accordance with R.C.3113.215. Next, he argues that the trial court used an incorrect gross salary for him and calculated appellee's potential income incorrectly because the court failed to consider the relevant statutory factors.
Regarding the first issue, this court has noted that "[t]he Supreme Court of Ohio has interpreted * * * R.C. 3113.215 to mean that a child support worksheet must `actually be completed and made part of the trial court's record.'" In re Krechting (1996),108 Ohio App.3d 435, 437, quoting Marker v. Grimm (1992), 65 Ohio St.3d 139,142. This court also stated that "[w]e would consider a work sheet prepared by a magistrate and adopted by the court as having been completed by the trial court." Krechting at 437, fn. 3. Although the magistrate's worksheet was not attached to the trial court's order, the record indicates that the trial court did adopt the magistrate's worksheet calculations in reaching its determination in rendering final judgment.
We now turn to appellant's contention that the trial court relied on incorrect figures in determining appellant's child support obligation. Specifically, appellant complains about the calculation of appellee's potential income; the credit appellee received for the minor child of appellee and her current husband; the credit each party received for local income taxes; and a credit appellee received for health care insurance premiums. We address each in turn.
The potential income of appellee is addressed in our discussion of the third assignment of error. For the reasons noted in that discussion, the calculation was within the trial court's discretion. Regarding the "minor child credit" and the credit for local income taxes, both of which appellee received on the child support worksheet, appellant does not provide any argument in his brief why this credit was in error. The record indicates appellant failed to provide evidence of his local income taxes at the hearing before the magistrate; appellee's credit was based upon evidence before the trial court. Further, it is not entirely clear what appellant means by the term "minor child credit." Although we are not obligated to furnish appellant's argument, we note that the credit appellee received for her minor child on the magistrate's worksheet (where the father is another parent —i.e., appellee's current husband) was within the child support guidelines.
Finally, although appellant also failed to argue this issue with any specificity, the allocation on the worksheet of a $288 credit for health care insurance to appellee was within the trial court's discretion. Regardless of whether or not the credit is given, appellant's child support obligation would not be affected and there would not be a sufficient change of circumstances to justify modifying the New York decree. Any error is harmless. Accordingly, the first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court incorrectly stated his gross income. The magistrate's worksheet, adopted by the trial court, lists appellant's adjusted gross income as $84,824. Reviewing the transcripts, the magistrate based appellant's 1997 gross income of $80,000 on appellant's "most recent wage statement." After calculating the three-year average bonus and 1997 interest the trial court arrived at $84,824. Appellant's 1997 income tax return does not appear to have been admitted as an exhibit. Based on the record available, we conclude that the trial court's decision was not arbitrary, unreasonable or unconscionable. Accordingly, the second assignment of error is over ruled.
In the third assignment of error, appellant argues that the trial court did not comply with R.C. 3113.215(B) (5) when imputing appellee's income because the court did not request appellee's tax returns and supporting documentation. R.C. 3113.215(B) (5) (a) states that "[t]he parents shall verify current and past income and personal earnings including, but not limited to, pay stubs, employer statements * * * tax returns, and all supporting documentation and schedules for the tax returns." (Emphasis added.) Thus, the responsibility was on the parties to have the necessary documentation, including tax returns, for the trial court. As noted by the magistrate, the trial court cannot be expected to litigate pretrial discovery at a hearing to determine whether a modification of child support is appropriate.
In addition, appellant alleges that the trial court erred by failing to consider appellee's "potential income" pursuant to R.C.3113.215(A) (5). A calculation of potential income cannot be reversed by this court absent an abuse of discretion. Rock v.Carbal (1993), 67 Ohio St.3d 108, 112. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., quoting Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
After reviewing the record, the calculation of appellee's imputed income was based on the only credible evidence available in the record. Thus, the third assignment of error is overruled.
In his fourth assignment of error, appellant argues that the trial court failed to fully consider the factors for deviating from the presumptive child support calculation of the schedule and work sheet. See R.C. 3113.215(B) (3) (a — p) (factors to consider in determining whether the child support would be "unjust and inappropriate and would not be in the best interest of the child"). We note that "[t]he amount shown on the worksheet is `rebuttably presumed' to be the correct amount of child support due.'" Murray v. Murray (Feb. 8, 1999), Warren App. No. CA98-08-097, unreported, at 5, citing R.C. 3113.215(B) (1), quotingRock, 67 Ohio St.3d at 110.
Regarding a deviation based on higher cost of living, the trial court concluded that, in general, in areas with a higher cost of living, incomes are generally higher. We do not believe the trial court is required to modify child support under these circumstances. See Booth v. Booth (1989), 44 Ohio St.3d 142. As to appellant's evidence regarding cost of living, it was inappropriate for judicial notice. See Evid.R. 201(B). Moreover, the record indicates that appellant is not an expert competent to testify as to relevant cost of living factors for different regions of the country. See Evid.R. 702. Thus, even if a modification might be warranted, appellant did not present any evidence that was admissable.
The trial court was also entitled to conclude that appellant's visitation costs were not extraordinary, and thus did not justify a deviation from the presumptive child support guidelines. Finally, appellant's constitutional arguments regarding the Fifth and Four teenth Amendments to the United States Constitution have no basis in law or fact and are not well-taken. Thus, the fourth assignment of error is overruled.
In the fifth assignment of error, appellant argues that the trial court abused its discretion by finding that appellant's child support payment can only be made by an income execution order. Appellant would prefer a bank account deduction order. However, appellant presented no evidence which demonstrated he had sufficient funds in a bank account that was subject to the trial court's jurisdiction. In any event, the decision to deduct child support by an income execution order is within the discretion of the trial court. Thus, the fifth assignment of error is overruled.
In the sixth assignment of error, appellant argues that the trial court erred by not awarding the federal tax exemption for both of the parties' minor children to him. Pursuant to R.C.3113.21(c) (1) (f), the trial court was entitled to reallocate the dependency exemptions of the minor children. However, the trial court concluded that "[s]ince there was no basis for a change in the child support order, it necessarily follows that there is no authority to reallocate the dependency exemptions." We agree.
In Singer v. Dickinson (1992), 63 Ohio St.3d 408, 413-14, the Supreme Court of Ohio noted that a change of circumstances is a precondition of changing an order concerning the care and custody of children, including changing a dependency exemption. Pursuant to R.C. 3113.21(B) (10), a trial court can reallocate a dependency exemption without changing a child support order. However, both of these changes presuppose a change of circumstances. As we have already discussed, the trial court was within its discretion to conclude a change of circumstances had not taken place in this case. See Mitchell v. Pietrykowski (Aug. 6, 1993), Lucas App. No. L-92-218, unreported, at 9-13. Thus, the sixth assignment of error is overruled.
In the seventh assignment of error, appellant argues that the trial court's decision to award certain "out-of-pocket medical expenses" to appellee is against the manifest weight of the evidence. First, appellant argues he should not have to pay $69.96 for his child's eyeglass frames due to a warranty. However, the warranty is not part of the record and therefore cannot be considered in this court's appellate review. Second, appellant states that the trial court incorrectly stated that all medical expenses are to be divided fifty percent to each party. We do not believe the trial court intended appellant to pay appellee fifty percent of the children's medical expenses where health insurance paid the cost. Although perhaps not technically precise, the trial court was logically contemplating out-of-pocket expenses. In addition, we also do not believe appellee is even arguing that the first $1,500 of orthodontic expenses are not her responsibility. The New York decree still controls in regard to these questions. Any disputes which cannot be amicably resolved may be raised by either party pursuant to the continuing jurisdiction of the Warren County Court of Common Pleas. Third, appellant notes that, under Ohio law, the first $100 of uninsured medical and/or dental expenses are considered as part of a child support obligation. See R.C. 3113.215(A) (12) and 3113.215(B) (5) (f). However, we agree with appellee that, without a finding of change of circumstances, the trial court was within its discretion to leave the New York decree undisturbed. The seventh assignment of error is overruled.
In the eighth assignment of error, appellant argues that the trial court erred by awarding appellee attorney fees. The trial court noted the disparity in the parties' incomes (including appellee's imputed income) and that appellant sought to modify the New York decree in Ohio without a change of circumstances. For these two reasons, we find that the decision of the trial court to award appellee attorney fees was not an abuse of its broad discretion to award attorney fees to a particular party. Accordingly, the eighth assignment of error is overruled.
In the ninth assignment of error, appellant argues that the trial court erred by denying his motion for relief from judgment. The motion for relief from judgment was procedurally premature be cause it was filed before the trial court had entered a final judgment. See Civ.R. 60(B). Therefore, the ninth assignment of error is overruled.
In the tenth and final assignment of error, appellant argues that the trial court failed to address the issue of "emancipation." We begin by noting that in Ohio, the age of majority is eighteen; in New York, the age of majority is also eighteen. See N.Y. Domes tic Relations Law 2. However, by statute in New York, the child support obligation continues until the age of twenty-one unless the child is sooner emancipated. N.Y. Family Court Act 413. In Ohio, the obligation, in general terms, ends when a child reaches the age of eighteen. R.C.3103.03.
Appellant seeks to apply Ohio law to limit his child support obligation to when the parties' children reach the age of eighteen. Thus, the question presented is, under UIFSA, can an Ohio court modify appellant's child support obligation under the New York decree to cease that obligation when the parties' children reach eighteen by applying Ohio law? The answer is no. The Warren County Court of Common Pleas generally has jurisdiction to modify the N.Y. Decree. R.C. 3115.48(A) (1). However, an exception exists under R.C. 3115.48(C), which states that:
 A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state.
As noted, under the substantive statutory law of New York, a parent is obligated to continue child support until a child is twenty-one or is sooner emancipated. See N.Y. Family Court Act 413. Despite appellant's argument, whether a New York court can modify an out- of-state order under UIFSA or similar uniform statute is of no moment. The relevant question is how New York substantive law addresses the age when child support may terminate. In our view, the New York statute is clear that the age is twenty-one and would not be subsequently modified by a New York court to a lower age unless the child was emancipated. There is no evidence of emancipation. Thus, unless the parties' children became legally emancipated under New York law at the age of eighteen, child support must continue until the age of twenty-one. In other words, in New York, at least in the context of child support obligations of a parent, emancipation does not automatically occur at the age of majority. Thus, the tenth and final assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.