OPINION
This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, effectively sustaining the objections to the magistrate's decision filed by obligor-appellee, Terry L. Pinkerton, and reducing appellee's child support obligation by $150.00 per month.
The parties to this proceeding were granted a dissolution of marriage on April 18, 1983. Pursuant to the terms of the separation agreement, appellee was to pay $375.00 per month for support of the parties' two minor children born as issue of the marriage. Over the ensuing years, the child support obligation was modified many times due to appellee's unemployment or change in employment with resultant change in wages, or with the interim adoption of specific child support guidelines. This is the only appeal filed in this domestic relations proceeding.
On March 30, 1994, the trial court issued a child support order in the amount of $322.83 per month, for both children, with an additional amount of $10.00 per bi-weekly pay on arrearages. Total payment on current child support and arrearages was $162.44 per pay, based on appellee's annual income of $15,496.00 as identified in the child support computation worksheet. Throughout the time period in question obligee-appellant, Terry K. Pinkerton, n.k.a. Baughman, was receiving SSI benefits. Subsequently, on October 20, 1997, the Child Support Enforcement Agency, filed an investigatory report with the trial court requesting a termination of the March 30, 1994 order, as appellee was current in his child support obligation, and that a new order in the amount of $322.83 per month be issued. Two days later the court magistrate issued an order questioning the investigatory report which reflected child support for only one child, but noting that an earlier order reflected that there were two children under the child support order.
The CSEA investigator then filed a subsequent report on October 27, 1997 which reflected that the parties' eldest child had turned eighteen on July 17, 1995 and had graduated from high school on May 31, 1997, but neither party had requested a modification in child support. An investigation was then conducted and following a hearing on November 13, 1997 the court magistrate, by findings issued November 17, 1997, recommended anincrease in support for one child to $532.08 per month based on appellee's average annual income of $41,348.00 per year. The average income was computed using appellee's income for 1995 and 1996.
On November 25, 1997, appellee filed written objections, asserting an improper calculation of earnings, and requesting a deviation from the child support guidelines because of his special circumstances of driving eighty miles to and from work each day and supporting a step-child. Following a hearing on December 8, 1997, the trial court found the method of income calculation to be fair and equitable and then allowed a deviation to appellee for the aforestated reasons. The child support computation worksheet amount of $532.08 was reduced by $150.00 per month to $382.08 per month. Timely notice of appeal was filed by appellant on January 5, 1998.
Appellant asserts a single assignment of error with three branches:
 "The trial court erred in granting to the appellee a deviation in his child support obligation without meeting the procedural and substantive requirements of R.C. § 3113.215.
 "A. The trial court failed to make a finding that the amount of child support calculated under the basic child support schedule and worksheet would be unjust, inappropriate or not in the best interests of the child as required under R.C. § 3113.215 (B) (1) (a).
 "B. The trial court's finding that a deviation from the rebuttably presumed correct amount of child support calculated under the child support guidelines to be in the best interest of the child constitutes an error of law as it was not supported by any evidence.
 "C. The trial court's finding that the rebuttably presumed correct amount of child support calculated under the basic child support schedule and worksheet should be deviated from because of appellee/obligor's expense in travelling to work and voluntary support of his stepchild constituted error of law.
 "1. The court made an error of law in considering appellee/obligor' s voluntary support of his stepchild as a reason for decreasing the child support order.
 "2. The court made an error of law in considering appellee/obligor's travel expenses as a reason to decrease the child support order."
Appellee, who represented himself pro se throughout the trial court proceedings, has not filed an answer brief. Therefore, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts as true and sustain the assignment of error if the record supports such action.
While appellant structures a multi-prong argument, the issue for review is whether the trial court lawfully acted in granting appellee a deviation from the child support guidelines. As it was stated in In re Krechting (1996), 108 Ohio App.3d 435, 437:
 "Under R.C. 3113.215 (B) (1), the amount of child support derived from the child support schedule and worksheet is rebuttably presumed to be correct. To deviate from the child support guidelines in the statute, the trial court must make findings of fact to support the deviation and must find that the statutorily prescribed amount is unjust or inappropriate and not in the best interest of the child. R.C. 3113.215 (B) (1). "Any courtordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." Marker v. Grimm, 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph three of the syllabus."
This court has likewise previously addressed the requirements necessary to sustain a deviation from the child support guidelines. This court has held:
 "R.C. 3113.215 (B) (1) specifically requires that any order or modification of a child support obligation shall be calculated via the schedule and worksheet included in sections (D), (E) and (F) of the statute. The amount support which is derived from the child support worksheet and schedule is rebuttably presumed to be correct. In re Krechting
(1996), 108 Ohio App.3d 435, 437. Nonetheless, the trial court may deviate from the child support calculations arrived at from the schedule and worksheet if the requirements of R.C. 3113.215 (B) (2) (c) (i) and (ii) are properly met:
 "`(i) The court, after considering the factors and criteria set forth in division (B) (3) of this section, determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child;
 "`(ii) The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet, * * * its determination that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting the determination.'
 "A trial court must strictly comply with the statute and the amount derived from the child support guidelines is rebuttably presumed to be correct. Marker v. Grimm (1992), 65 Ohio St.3d 139, 141. The amount determined under the guidelines must be awarded unless the court specifically complies with both steps as outlined above. Marchio v. Marchio (Sept. 14, 1998), Belmont App. No. 96-BA-46, unreported.
This court further found in Marchio, supra that the trial court failed to specifically journalize what amount of support was dictated by the child support guidelines and why such amount was unjust, inappropriate and not in the child's best interest. As such analysis must be performed and journalized on the record, this court remanded the matter for re-examination of the issue of child support. Marchio, supra
In accord are Smith v. Smith (Feb. 15, 1996), Jefferson App. No. 94-J-9, unreported and Dobran v. Dobran (May 2, 1996), Mahoning App. No. 93 C.A. 253, unreported. In Smith supra, this court found that the trial court had failed to point to specific evidence to indicate that "the amount reached by using the guidelines would be unjust or inappropriate and not in the best interest of the child." The trial court in Smith did not sufficiently describe its determination regarding the child support guideline calculation. The trial court simply stated that it had considered the totality of the circumstances, including but not limited to the fact that the obligor was solely responsible for the medical expenses of the child.
In the case at bar, the trial court stated in its journal entry:
 "Obligor has further requested a deviation from the calculated amount of child support on the basis of having to travel approximately so miles per day to and from work as well as raise a minor stepchild for whom no support is being paid by said child's father. The Court finds that this request is well taken, is equitable, and will be in the best interest of the child."
The trial court then proceeded to reduce the calculated child support sum by $150.00 to a monthly sum of $382.08 for the parties' remaining minor child. Although in determining what is unjust or inappropriate and would not be in the best interest of the child the trial court may consider the factors identified in R.C. 3113.215 (B) (3) (o) — the responsibility of each parent for the support of others; and (p) any other relevant factor, the trial court must fully explain how it reached its decision to deviate from the child support guidelines.
In this court's recent decision of Flauto v. Flauto (Apr. 29, 1999), Mahoning App. No. 97 C.A. 65, unreported, we discussed the standard of review in domestic relations proceedings when considering a reduction of spousal support payments. At page 3 of the opinion we identified maxims of appellate review in domestic relations cases:
 "In reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decisions absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion constitutes "more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Consequently, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. The appellate court should not independently review the weight of the evidence in the majority of cases but rather should be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71, 74."
While reason would dictate that it would always be in the child's best interest to have more funds available to the custodial parent for the benefit of the child, the statute permits a deviation only when the calculated child support amount is expressly found to be unjust or inappropriate. Upon a through review of the record in the case at bar, we find that the trial court abused its discretion in failing to fully set forth its reasoning for allowing appellee a reduction of the calculated amount of child support.
Appellant's sole assignment of error is found to be with merit and this cause is remanded for a full hearing regarding appellee's requested deviation from the calculated child support amount and for findings of fact based on the requirements stated in the Smith case, and consistent with this opinion.
Donofrio, J., concurs.
Vukovich, J. concurs.
APPROVED:
 ______________________________ Edward A. Cox, Presiding Judge