OPINION
Plaintiff-appellant, Rose Bokeno, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding her in contempt and granting a motion to reduce child support filed by defendant-appellee, Stephen Bokeno.
The parties were divorced in 1999. Pursuant to the trial court's July 22, 1999 decision, Rose was named residential parent of the parties' two children and Stephen was ordered to pay child support. Both parties were ordered to pay their respective credit card debts. The trial court's decision was amended a week later as follows: "Pending sale of the residence[,] Mrs. Bokeno shall have exclusive occupancy and shall pay the mortgage and utilities." By entry filed October 7, 1999, Rose was ordered to vacate the marital residence by early November 1999.
The judgment entry and divorce decree was not filed until December 8, 1999. Under the divorce decree, Stephen was ordered to pay Rose $968 per month for both children in child support. The child support amount was based upon Stephen's then annual income of $75,000 and Rose's then imputed annual income of $30,000. While the divorce decree again specifically ordered both parties to pay their respective credit card debts, it did not refer to Rose's obligation to pay the mortgage and utilities. By entry filed December 9, 1999, the trial court ordered each party to pay half of the telephone bill.
Stephen subsequently filed a motion to reduce his child support obligation and to find Rose in contempt for failing to pay, inter alia, the mortgage and utilities while she resided in the marital home, and half of the telephone bill. By decision filed March 5, 2001, the magistrate found Rose in contempt for failing to pay the mortgage and utilities for the months of August through October 1999 and her share of the telephone bill, and reduced Stephen's child support obligation to $793.11 per month for both children. By entry filed June 19, 2001, the trial court overruled Rose's objections to the magistrate's decision and upheld the magistrate's decision. This appeal follows in which Rose raises two assignments of error.
In her first assignment of error, Rose argues that the trial court erred by finding her in contempt for failure to pay the mortgage, utilities, and the telephone bill pursuant to interlocutory orders because such orders were merged within the divorce decree. In finding Rose in contempt, the magistrate stated that "[w]hile any orders which the Court may have made prior to its final decision in July would not survive the final decision as a result of merger, I do not find that orders issued after the decision and omitted from the final decree are a nullity. * * * Mrs. Bokeno cannot avoid liability by failing to accurately incorporate the final decision into the decree." (Emphasis sic.)
It is well-established that "[i]n a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree." Colom v. Colom (1979), 58 Ohio St.2d 245, syllabus. (Emphasis added.) In the case at bar, the trial court's amended decision ordering Rose to pay the mortgage and utilities was not reduced to a separate judgment. Unlike the parties' obligation to pay their respective credit card debts, Rose's obligation to pay the mortgage and utilities was also not specifically referred to in the final divorce decree. As a result, such temporary order was merged within the divorce decree and that divorce decree replaced all that transpired before it.
Alternatively, as the dissent properly notes, a trial court speaks only through properly journalized entries, not through the judge's written opinions or comments. Brackman Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 109. When an entry incorporates an opinion by reference, and "the journal entry and the judge's opinion conflict, the journal entry controls." Neal v. Neal (Oct. 24, 1994), Butler App. Nos. CA94-03-065 and CA94-03-073.
In the case at bar, the judgment entry and divorce decree incorporated the July 22, 1999 decision as follows:
 "The Court issued a decision dated July 22, 1999, which decision is incorporated herein and shall serve as follows:
 "1. The Court's findings of fact and conclusions of law as to the nature of all property distributed as either marital or separate.
 "2. An equitable division of the marital and separate property.
"3. The Court's finding of grounds for divorce.
 "4. The Court's findings of fact and conclusions of law as to all matters concerning defining the term of the marriage.
"5. The Court's finding as to spousal support issues."
We agree with the dissent that the trial court's July 30, 1999 entry amending the July 22, 1999 decision and ordering Rose to pay the mortgage and utilities is implicitly incorporated into the divorce decree. However, upon reviewing the trial court's five grounds for incorporating the decision into the divorce decree, we find that none of the five grounds refer to or are pertinent to Rose's obligation to pay the mortgage and utilities. It follows that the trial court's decision and the divorce decree are in conflict with regard to Rose's obligation to pay the mortgage and utilities, and that the divorce decree controls.
We therefore find that the trial court erred by finding Rose in contempt for failing to pay the mortgage and utilities. While it follows that Rose avoids liability, Stephen could have (1) sought to have the temporary order reduced to a separate judgment, (2) sought to have the temporary order included as an additional portion of the final judgment, or (3) moved for relief from judgment pursuant to Civ.R. 60(B), Colom,58 Ohio St.2d at 247-248, but failed to do so.
We find, however, that the trial court properly found Rose in contempt for failing to pay her share of the telephone bill. Unlike the foregoing order, the trial court's order for Rose to pay half of the telephone bill was reduced to a separate judgment by entry filed on December 9, 1999. We are mindful that the entry is dated December 6, 1999, two days before the divorce decree. However, a court speaks only through its journal and an entry is effective only when it has been journalized, that is, when it has been reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court. SanFilipo v. San Filipo (1991), 81 Ohio App.3d 111, 112. Rose's first assignment of error is accordingly sustained in part and overruled in part.
In her second assignment of error, Rose argues that the trial court erred by reducing Stephen's child support obligation. Rose argues that the trial court improperly deviated from the child support schedule and worksheet without making the required findings of fact. Rose also challenges the trial court's consideration of the amount of private school tuition paid by Stephen in reducing Stephen's child support obligation.
In reducing Stephen's child support obligation, the magistrate found that "[a]t the time of the decree, Mr. Bokeno was * * * earning $75,000.00 per year. However, his income has decreased. He now receives a base salary of $3,500.00 per month plus $125.00 per vehicle purchased. He testified that for the past six months he has averaged $5,500.00 per paycheck. * * * I find that Mr. Bokeno's income for child support purposes has decreased to $66,000.00 per year ($5,500.00 X 12). * * *
"Mr. Bokeno pays $2,890.00 per year for tuition at St. Peter in Chains School. He wants this cost factored into his child support order. The parties' decree does not obligate the parties to keep their children in private school and, as a result, Mr. Bokeno is not legally obligated to pay the tuition. However, it is also clear from this Magistrate's decision of September 5, 2000 that Ms. Bokeno does not want the children to attend the public school near her residence and the parties agree that they should attend St. Peter in Chains. Therefore, so long as the parties continue to agree that the children should remain in private school, I find that the tuition cost should be equitably factored into the child support calculation. Mr. Bokeno shall be responsible for the actual payment of the tuition."
R.C. 3113.215[1] sets forth the procedure a trial court must follow in calculating and ordering child support. Its terms "are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139, 143. Under R.C.3113.215(B)(1), the amount of child support derived from the child support schedule and worksheet is rebuttably presumed to be correct. To deviate from the child support guidelines in the statute, the trial court must make findings of fact to support the deviation and must find that the statutorily prescribed amount is unjust or inappropriate and not in the best interest of the child. R.C. 3113.215(B)(1); In re Krechting
(1996), 108 Ohio App.3d 435, 437. "Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." Marker at 143.
In the case at bar, while the magistrate's decision, as summarily affirmed by the trial court, refers to the decrease in Stephen's annual income and his payment of the children's private school tuition, it does not specifically make findings of fact to support a reduction of Stephen's child support obligation. Nor does the magistrate's decision find that the statutorily prescribed amount was unjust or inappropriate and not in the best interest of the parties' children. We therefore find that the trial court improperly deviated from the child support schedule and worksheet without making the required findings of fact under R.C.3113.215(B).
With regard to private school tuition, we note that a trial court's consideration of a parent's tuition payment is not necessarily an improper element of guideline child support calculation. In determining whether the statutorily prescribed child support amount would be unjust or inappropriate and not in the best interest of the child, a trial court may consider several factors, including "[s]ignificant in-kind contributions from a parent including, but not limited to, direct payment for lessons, sport equipment, schooling, or clothing[.]" R.C.3113.215(B)(3)(j); Kramer v. Kramer (July 14, 1992), Montgomery App. No. 13112 (upholding trial court's reduction of father's child support obligation by amount of private school tuition paid by father under R.C.3113.215[B][3][j].) However, in the case at bar, the magistrate did not specifically find that Stephen's tuition payment was a significant in-kind contribution under R.C. 3113.215(B)(3). Rather, the magistrate merely referred to Stephen's payment of the children's private school tuition before including it in the guideline calculation worksheet. Under the clear mandate of the statute, that is simply not enough to support a deviation of Stephen's child support obligation.
The trial court's decision granting Stephen's motion to reduce his child support obligation is therefore reversed and this action is remanded to the trial court to calculate Stephen's child support obligation in accordance with the procedures set forth in R.C. 3113.215
and consistent with this opinion. Rose's second assignment of error is accordingly well-taken and sustained.
Judgment affirmed in part, reversed in part, and cause remanded.
YOUNG, J., concurs.
WALSH, P.J., concurs in part and dissents in part.
[1] R.C. 3113.215 was repealed effective March 22, 2001. See Am.Sub.S.B. No. 180. However, we must review the trial court's application of the law which existed at the time of the trial court's proceedings. R.C. 3113.215 has been replaced by R.C. Chapter 3119.