OPINION
{¶ 1} Appellants, Joseph and Rose Day, appeal a decision of the Clermont County Court of Common Pleas, Juvenile Division, finding their daughter a dependant child and awarding temporary custody to the Clermont County Department of Job and Family Services (CCDJFS).
 {¶ 2} Appellants are the parents of 16-year-old Tasha Day. On February 8, 2002, CCDJFS filed a complaint alleging that Tasha was a dependant child. Temporary emergency custody was granted to CCDJFS. An adjudicatory hearing was held on March 5, 2002. At the hearing, the court-appointed guardian testified that, after conversing with Tasha, she found the girl to be very literate, knowledgeable and mature. The guardian testified that Tasha described having a difficult relationship with her mother. According to Tasha, her mother hits her and is verbally abusive, often calling her names like "slut," "whore" and "bitch." Tasha told the guardian that her mother forgets the abuse soon after it happens. According to Tasha, the problems with her mother have existed as long as she can remember, and began to escalate around the time Tasha was 14. At that time, Tasha said she began seeing friends' families and realizing that her mother's behavior was inappropriate. Tasha also told the guardian that her brother is abusive towards her and his behavior is not being corrected.
 {¶ 3} The guardian testified that Tasha works up to 30 hours per week after school and has a 4.0 grade point average. According to Tasha, her mother calls and harasses her at work. The guardian reported that Tasha loves her family, but does not want to be with them. She recommended that Tasha be placed temporarily outside of her family, that Tasha's mother receive counseling, and that the situation then be reassessed. The guardian stated that Tasha needs to be in a place where she feels safe and it is in her best interest to remain outside of the home at this time.
 {¶ 4} Tasha's mother testified and admitted that the situation with her daughter was out-of-hand, but blamed Tasha for the conflict. According to her mother, Tasha became friends with another girl who was a bad influence and Tasha was angry when her mother would not let her do whatever she wanted. Two family friends of the parents testified and admitted that the family situation was chaotic.
 {¶ 5} After listening to the evidence, the trial court found that the family situation was not working out. The court emphasized that it was not blaming either Tasha or her parents or taking the side of either party, but that, according to either version of the conflict, the present home situation was not working. The court determined that the best remedy was to keep Tasha out of the home situation and arrange counseling and visitation for Tasha and her parents. The court found that the parties needed to first find common ground, then talk and work out the situation and determine where to go from there, but that it was first necessary for the parties to get to the point where they could talk. Accordingly, the trial court found that Tasha was dependent and granted temporary custody to CCDJFS.
 {¶ 6} Appellants now appeal the trial court's finding that Tasha is a dependent child and the grant of temporary custody to CCDJFS. Appellants raise five assignments of error.
Assignment of Error No. 1
 {¶ 7} "THE JUVENILE COURT ERRED IN FINDING THAT THE MINOR CHILD AT ISSUE WAS A `DEPENDENT CHILD' AS DEFINED BY O.R.C. 2151.04."
Assignment of Error No. 2
 {¶ 8} "THE JUVENILE COURT ERRED IN DETERMINING THAT THE PROPER DISPOSITION WAS PLACEMENT OF THE MINOR CHILD AT ISSUE WITH CLERMONT COUNTY SOCIAL SERVICES."
Assignment of Error No. 3
 {¶ 9} "THE JUVENILE COURT ERRED IN DETERMINING THAT REASONABLE EFFORTS WERE MADE TO PREVENT THE NEED FOR PLACEMENT AND/OR TO MAKE IT POSSIBLE FOR THE CHILD TO RETURN HOME."
Assignment of Error No. 4
 {¶ 10} "THE JUVENILE COURT'S REMOVAL OF THE MINOR CHILD FROM THE CUSTODY OF THE APPELLANTS AND ORDERING THE APPELLANTS TO PAY SUPPORT VIOLATED APPELLANTS' CONSTITUTIONAL RIGHTS INCLUDING THOSE GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE[S] CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO."
Assignment of Error No. 5
 {¶ 11} "THE JUVENILE COURT ERRED IN ORDERING THE APPELLANTS TO PAY SUPPORT TO THE STATE AFTER THE MINOR CHILD WAS WRONGFULLY REMOVED FROM THE HOME OF THE APPELLANTS."
 {¶ 12} In their first assignment of error, appellants contend that the state failed to prove by clear and convincing evidence that Tasha was a dependant child. According to R.C. 2151.04, a "dependent child" includes any child:
 {¶ 13} "(A) Who is homeless or destitute or without proper care or support, through no fault of his parents, guardian, or custodian;
 {¶ 14} "(B) Who lacks proper care or support by reason of the mental or physical condition of his parents, guardian, or custodian;
 {¶ 15} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming his guardianship;
 {¶ 16} "(D) To whom both of the following apply:
 {¶ 17} "(1) He is residing in a household in which a parent, guardian, custodian, or other member of the household has abused or neglected a sibling of the child;
 {¶ 18} "(2) Because of the circumstances surrounding the abuse or neglect of the sibling and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 19} A finding of dependency must be supported by clear and convincing evidence. R.C. 2951.35(A)(1); In re Bishop (1987),36 Ohio App.3d 123. Appellants argue that the state failed to meet this burden of proof with regard to any of the statutory requirements set forth above.
 {¶ 20} However, there was sufficient, credible evidence to support a finding that the family condition or environment was such "as to warrant the state, in the interests of the child, in assuming his guardianship" pursuant to section (C) above. The evidence presented established an unstable home situation that was not improving, but instead showed signs of increased problems, including physical and verbal abuse, and that the parties saw no hope of improving the situation absent some type of intervention. The evidence showed that it would be in Tasha's best interest to be removed from her home until the parties could begin to work on their problems. Thus, the trial court did not err in determining that Tasha was a dependent child. Appellants' first assignment of error is overruled.
 {¶ 21} In their second assignment of error, appellants contend that the trial court failed to show that removal from the home was necessary and contends that there were "different alternatives less draconian than the removal of the child from the care of the child's parents." R.C. 2151.353 provides five dispositional alternatives from which a court may choose in making an appropriate order for a child who is dependent. These dispositional alternatives are listed in paragraphs (A)(1) through (5) from the least restrictive alternative to the most restrictive disposition. The trial court made an order that Tasha be placed in temporary custody pursuant to section (A)(2). The only less restrictive alternative to this disposition is protective supervision, as provided in section (A)(1).
 {¶ 22} Unless a trial court chooses one of the two most restrictive dispositions under (A)(4) or (5), the court need only show that it chose the appropriate disposition by a preponderance of the evidence.[1] See In re Willman (1986), 24 Ohio App.3d 191, 198; In reStephens (Aug. 24, 1992), Butler App. No. CA2001-05-077. A reviewing court will not reverse a trial court's disposition of an abused, neglected or dependent child absent an abuse of discretion. In re Goff, Ashtabula App. No. 2002-A-0038, 2003-Ohio-1744; In re Barnhart, Athens App. No. 02CA21, 2002-Ohio-6024.
 {¶ 23} In this case, the trial court found that "reasonable efforts were made to prevent the need for placement and/or make it possible for the child to return home." However, the court stated that the current situation was "contentious" and "not working," and that the parties needed intervention in order to get to a point where they could receive counseling and begin to work on their problems. Removing Tasha from the home on a temporary basis, until the parties could get to a point where restoring the relationship was possible, was not an abuse of discretion. Appellants' second assignment of error is overruled.
 {¶ 24} In their third assignment of error, appellants contend that there is no evidence that the trial court made reasonable efforts to prevent the removal of Tasha from the home. Pursuant to R.C. 2151.419, when a court makes a dispositional order that removes a child from their home, the court must determine if reasonable efforts were made to prevent the removal of the child from the home. R.C 2151.419(A)(1).
 {¶ 25} In this case, the trial court specifically found that "pursuant to O.R.C. 2151.419[,] reasonable efforts were made to prevent the need for placement and/or to make it possible for the child to return home." The evidence produced at the hearing supported this determination. The evidence showed that the home situation was deteriorating and, absent intervention, it would continue to deteriorate. The mother indicated that she believed she did not need counseling. The guardian recommended removing Tasha from the home temporarily in order to facilitate counseling. The trial court indicated that this was the first step, and that after counseling had begun the situation would be reevaluated to determine what further steps were in Tasha's best interest. We find that the trial court properly considered whether reasonable efforts were made to prevent removal of Tasha from the home. The third assignment of error is overruled.
 {¶ 26} In their fourth assignment of error, appellants contend that they were denied due process because the state failed to present sufficient evidence that Tasha was dependent as defined by the statute, that efforts were made to prevent her removal, and that removal was in her best interest. Given our resolution of the previous assignments of error, that the trial court properly determined Tasha was a dependent child, that reasonable efforts were made to prevent her removal, and that removal was in her best interest, we find that appellants' fourth assignment of error is without merit, and it is accordingly overruled.
 {¶ 27} In appellants' fifth assignment of error, they contend that the trial court erred in ordering them to pay support to the state because Tasha was wrongfully removed from the home. Again, the trial court properly found Tasha to be a dependent child and temporarily removed her from the home. R.C. 2151.36 states that parents must provide financial support for a child when an agency has been awarded temporary custody. When a child is in the temporary custody of a children's services agency, the juvenile court is authorized to examine the income of the child's parents and order the parents to pay for the care, maintenance, and various other expenses of the child. In re Krechting
(1996), 108 Ohio App.3d 435. The court's calculations of the child support obligation must be done in accordance with statutory child support guidelines. Id. Thus, the trial court properly ordered appellants to pay child support while Tasha was in temporary custody of CCDJFS. Appellants' fifth assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We note that the state incorrectly cites the standard as requiring clear and convincing evidence that the trial court chose the least restrictive alternative. A careful reading of the case cited by the state for this proposition of law reveals that the holding in that case was based on the trial court's permanent custody disposition, not one of the less restrictive alternatives described in R.C. 2151.353(A)(1) through (3). See In re Stephens (Aug. 24, 1992), Butler App. No. CA2001-05-077.