OPINION
{¶ 1} Appellant, Nancy Kovacic, appeals from the August 16, 2004 judgment entry of the Lake County Court of Common Pleas, affirming the decision of the State of Ohio Unemployment Compensation Review Commission ("Review Commission"), which determined that appellant had been discharged for just cause and denied unemployment compensation benefits.
 {¶ 2} Appellant, an employee of defendant Higbee Department Stores, d.b.a. Dillards, ("Higbee"), filed an application for unemployment benefits for the week ending April 12, 2003. A determination of benefits, issued May 1, 2003, concluded that appellant was discharged for just cause by defendant Higbee. Thus, appellant's claim was disallowed.
 {¶ 3} On May 12, 2003, appellant filed an appeal from the determination of benefits. On June 9, 2003, the director issued a redetermination which affirmed the May 1, 2003 determination of benefits. On June 19, 2003, appellant filed an appeal from the redetermination.
 {¶ 4} On July 28, 2003, appellee, Director, Ohio Department of Job and Family Services, transferred appellant's appeal to the Review Commission. On November 26, 2003, a hearing was held before a hearing officer, who affirmed the director's redetermination.
 {¶ 5} On February 27, 2004, appellant filed an administrative appeal with the Lake County Court of Common Pleas pursuant to R.C. 4141.282. Appellant filed a brief on June 11, 2004. Appellee filed its brief on June 24, 2004. Appellant filed a reply brief on June 30, 2004.
 {¶ 6} The record reveals that appellant was a sales clerk with defendant Higbee from November 20, 2002, to February 18, 2003. Appellant was scheduled to work on February 17, 2003, from 9:45 a.m. to 6:00 p.m. in the jewelry department, and clocked in at 9:57 a.m. However, neither management nor any of appellant's coworkers could locate her after she left for lunch around noon.
 {¶ 7} At the November 26, 2003 hearing, Eric Newsome ("Newsome"), defendant Higbee's store operations manager, testified that Tonya Ross ("Ross"), the store manager, discovered that appellant was not at her post at about 2:00 p.m.[1] Newsome indicated that appellant's coworkers said that she had "disappeared." He maintained that appellant was paged three times, but that she failed to answer the page or return to her post. Newsome stated that Berus performed a search of all of the fitting rooms, stockrooms, and restrooms, but failed to locate appellant. Periodic two-hour searches were also conducted, however, appellant was never located. Timekeeping records indicated that appellant clocked out at 5:19 p.m.
 {¶ 8} Appellant testified that she became ill around lunchtime and spent the rest of the day in the ladies' restroom. She maintained that she paged her immediate supervisor, Kristen White, as well as Ross around 12:30 p.m., but received no answer. Appellant indicated that she spent time in the first floor restroom, then later moved to the second floor employee lounge. She stated that she never heard herself being paged, although she heard other pages while in the restroom. According to appellant, several employees came into the restroom during the day to check on her health.[2] She said that she punched out at 5:19 p.m., and was too sick to drive home.
 {¶ 9} The following day, appellant was called into Ross's office. Ross informed appellant that her unexplained absence constituted stealing from the company. Appellant was terminated for violating number five of the Associate Work Rules ("Work Rule 5"), which requires that employees maintain: "[s]trict honesty * * * in all dealings with or for the Company. Any act of theft, dishonesty or falsification, including but not limited to those relating to the Company, co-associates, customers or other third parties, will not be tolerated. This includes all record-keeping, timekeeping, money/merchandise handling, and any other business transactions. Appropriate action, including discharge, may be taken should the Company have any suspicion of any violation."
 {¶ 10} Pursuant to its August 16, 2004 judgment entry, the trial court affirmed the decision of the Review Commission. The trial court indicated that the Review Commission's decision denying appellant unemployment compensation benefits was lawful, reasonable, and supported by the manifest weight of the evidence. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "The [t]rial [c]ourt erred to the prejudice of [appellant] in upholding the decisions of the [h]earing [o]fficer and the [Review Commission], which decision denying unemployment compensation benefits to appellant was manifestly against the weight of the evidence, unreasonable, unlawful and based solely on hearsay testimony."
 {¶ 12} In her sole assignment of error, appellant argues that the trial court erred in upholding the decisions of the hearing officer and the Review Commission, denying her compensation benefits. Appellant stresses that those decisions were manifestly against the weight of the evidence, unreasonable, unlawful, and based solely on hearsay testimony. Appellant alleges that the hearing did not afford her the due process rights that she was entitled, namely the right to confrontation and cross-examination.
 {¶ 13} In Barnes v. Ohio Dept. of Jobs Family Services, 11th Dist. No. 2002-G-2426, 2003-Ohio-1883, at ¶ 19, this court stated that: "[a]n appellate court applies the same standard as the common pleas court when reviewing the Unemployment Compensation Review Commission's just cause determination. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Services
(1995), 73 Ohio St.3d 694, 696-697 * * *. `An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence.' Id. at paragraph one of the syllabus. See, also, R.C. 4141.282(H) * * *."
 {¶ 14} Under the foregoing standard, reviewing courts are not permitted to make factual findings or determine the credibility of witnesses, which are instead reserved for decision by the Review Commission. Irvine v. Unemployment Comp. Bd. of Rev. (1985),19 Ohio St.3d 15, 17. The decision of the Review Commission may not be reversed simply because reasonable minds might reach different conclusions from the same evidence. Tzangas, supra, at 697, citingIrvine at 18.
 {¶ 15} R.C. 4141.282(H) provides that: "[t]he court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 16} In the case at bar, the trial court stated in its August 16, 2004 judgment entry that:
 {¶ 17} "[u]pon consideration, the [c]ourt notes that it is up to the hearing officer as the trier of fact to assess the credibility of witnesses. The trier of fact is free to believe a witness completely, in part or not at all. In this case, the hearing officer heard hearsay evidence from [a]ppellee as well as [a]ppellant's sworn testimony. The hearing officer gave more weight to employer's hearsay evidence than to [a]ppellant's testimony because he found that [a]ppellant's testimony lacked credibility. The hearing officer is in the best position to ascertain the credibility of the witnesses. Further, [a]ppellant's own testimony was that she did not tell a manager or seek to have anyone else tell a manager that she was ill in the ladies' room at any time during the day. Appellant herself testified that she was well enough to walk from one restroom to another on a different floor while ill, but that she could not take the time to tell a manager that she was ill. Appellant also testified that she was well enough to clock out at 5:19 p.m., but that she was not well enough to tell a manager at that time that she was ill. Based on the [c]ourt's review of the evidence, it appears that the hearing officer's decision was not unlawful or unreasonable. Further, the hearing officer's decision was supported by the evidence."
 {¶ 18} We agree.
 {¶ 19} The evidence demonstrates that appellant was absent from her workstation without permission, from about 12:30 p.m. to 5:19 p.m. when she clocked out. Numerous searches were performed, but no one was able to locate her. We note that although appellant claims that she changed floors, no one saw her nor did she attempt to tell a manager or an associate that she was sick and would be in the restroom and/or in the employee lounge.
 {¶ 20} Appellant was provided with a copy of the Work Rules. Work Rule 3 provides that "[a]ll associates are to remain within their assigned work areas during working time unless authorized to leave by their supervisor." In addition, Work Rule 5 requires employees to maintain "strict honesty" in all dealings with defendant Higbee. Again, Work Rule 5 maintains that theft, dishonesty, or falsification will not be tolerated, and if defendant Higbee suspects any violation, appropriate action, including discharge, may be taken. The manifest weight of the evidence demonstrates that appellant violated both Work Rule 3 and 5. Although appellant claims she was on defendant Higbee's premises, the evidence establishes that she was not.
 {¶ 21} Again, Newsome's testimony at the November 26, 2003 hearing was based on a memorandum prepared by Ross as a response to a request for information from appellee, and a memorandum written by Berus the day after appellant was terminated. Although appellee contends that the memoranda were business records pursuant to Evid. R. 803(6), it failed to provide a foundation. However, appellant did not to object to Newsome's reliance on the memoranda. Thus, appellant's contention regarding hearsay evidence is waived. First Fed. S. L. Assn. of Akron v. Cheton Rabe
(1989), 57 Ohio App.3d 137, paragraph four of the syllabus.
 {¶ 22} We note that "as the fact finder, a hearing officer may consider generally inadmissible hearsay evidence, along with the credibility of individuals giving testimony in reaching his or her decision." Boos v. Admr., Ohio Bur. of Unemployment Services, 11th Dist. No. 2003-T-0174, 2004-Ohio-6693, at ¶ 19. Pursuant to R.C. 4141.281(C)(2), "[h]earing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure." Thus, given the relaxed evidentiary standards applied to hearing officers, the hearing officer here was entitled to give such weight to the evidence as he saw fit.
 {¶ 23} Further, the record establishes that defendant Higbee had just cause to terminate appellant for violating Work Rule 5. Just cause "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine, supra, at 17. Just cause must be determined on a case-by-case basis. Id. With respect to the instant matter, we cannot say that the decision of the hearing officer was unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 24} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] Newsome was hired by defendant Higbee as the store operations manager after appellant was terminated, and, thus, was not employed by defendant Higbee during the incident at issue. Newsome's testimony was based on defendant Higbee's reports: Exhibit A, a memorandum prepared by Ross as a response to a request for information from appellee; and Exhibit B, a memorandum written by defendant Higbee's sales manager, Margie Berus ("Berus"), the day after appellant was terminated.
[2] The record does not establish that appellant specified the names of any individuals that allegedly saw her in the restroom. Also, appellant did not have any employees corroborate that she was ill in the restroom.