[Cite as *Quartz Scientific, Inc. v. Ohio Bur. of Unemp. Comp.*, 2013-Ohio-1100.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO


| | | |
|---|---|---|
| QUARTZ SCIENTIFIC, INC., | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2012-L-090** |
| DIRECTOR, STATE OF OHIO BUREAU OF UNEMPLOYMENT COMPENSATION, et al., | : | |
| Appellees. | : | |


Administrative Appeal from the Lake County Court of Common Pleas, Case No. 12CV000442.

Judgment: Affirmed.


*Paul H. Hentemann*, Northmark Office Building, 35000 Kaiser Court, Suite 305, Willoughby, OH 44094-4280 (For Appellant).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215, and *Laurel Blum Mazorow*, Assistant Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113-1899 (For Appellees).


THOMAS R. WRIGHT, J.

{¶1} This case is an administrative appeal from the Ohio Unemployment Compensation Review Commission ("Review Commission") pursuant to R.C. 4141.282, which governs appeals to the court of common pleas from decisions of the Review Commission. Appellant, Quartz Scientific, Inc., appeals from the judgment of the trial

court affirming the decision of the Review Commission. The Review Commission determined that Claimant, Cynthia Manley ("Claimant"), was discharged from her employment without just cause. Appellant maintains that the trial court's decision affirming the Review Commission's determination was unlawful, unreasonable, and against the manifest weight of the evidence. We disagree.

{¶2} Claimant was employed by appellant from May 23, 1992 through October 25, 2011. She last served as a plant manager. In late October, 2011, some of Claimant's co-workers reported to the Human Resources Manager, Paula Webber, that Claimant was "punching in" her son, Michael Gray, at appellant's time clock even though he was not actually at work. Mr. Gray worked for appellant as a janitor.

{¶3} Claimant was terminated from her position by Ms. Webber on October 25, 2011, for dishonesty in connection with her work based on her belief that Claimant was falsifying her son's time records. In support of her decision, Ms. Webber emphasized that Claimant was fully aware of appellant's "Standards and Rules," which provide that falsification of time-keeping records is an example of an infraction that may result in termination.

{¶4} Claimant filed a claim for unemployment benefits, which was disallowed upon a finding that Claimant was discharged from employment for just cause. Following Claimant's request for redetermination, appellee affirmed its determination disallowing benefits. Claimant filed a timely appeal from that redetermination, and jurisdiction of appellant's case was then transferred to the Review Commission.

{¶5} On January 23, 2012, a hearing took place before a hearing officer at the Review Commission. Both Claimant and appellant appeared and offered testimony.

2

Following consideration of the testimony, the Review Commission issued a decision reversing appellee's determination, finding that Claimant was discharged without just cause. Appellant filed a timely request for review from the hearing officer's decision, but that request was disallowed. Appellant then appealed to the Lake County Court of Common Pleas, which affirmed the decision of the Review Commission that Claimant was discharged without just cause. Appellant timely appealed and raises the following assignment of error for our review:

{¶6} "The decision of the Unemployment Compensation Review Commission of February 3rd, 2012, reversing the Director's re-determination issued December 2nd, 2011, was against the manifest weight of the evidence."

{¶7} Appellant argues that the Review Commission improperly reversed appellee's redetermination disallowing Claimant's request for benefits because appellant had just cause to discharge Claimant for falsifying her son's time cards, and that the Review Commission failed to consider testimony offered by Ms. Webber about an admission by Claimant that she falsely clocked in her son.

{¶8} As this court has previously recognized, the Supreme Court of Ohio has established that the standard of review in unemployment compensation appeals of just cause decisions rendered by the Review Commission is the same for an appellate court as it is for the common pleas court. *Kovacic v. Higbee Dept. Stores*, 11th Dist. No. 2004-L-150, 2005-Ohio-5872, ¶13, citing *Tzangas, Plakas & Mannos v. Ohio Bur. Of Emp. Services*, 73 Ohio St.3d 694, 696 (1995). That is, "[a]n appellate court may reverse the Unemployment Compensation Board of Review's 'just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." *Id*.;

*see also* R.C. 4141.282(H).  The Supreme Court of Ohio recently reaffirmed its opinion regarding this standard of review in *Williams v. ODJFS*, 129 Ohio St.3d 332, 2011-Ohio-2897.

{¶9}    "Under the foregoing standard, reviewing courts are not permitted to make factual findings or determine the credibility of witnesses, which are instead reserved for decision by the Review Commission.  *Irvine v. Unemployment Comp. Bd. of Rev.*, (1985), 19 Ohio St.3d 15, 17 * * *.  The decision of the Review Commission may not be reversed simply because reasonable minds might reach different conclusions from the same evidence.  *Tzangas*, supra, at 697, citing *Irvine* at 18."  *Kovacic* at ¶14.

{¶10}  In order to qualify for unemployment benefits, a claimant must satisfy the statutory requirements of R.C. 4141.29(D)(2)(a), which provides:

{¶11}  "(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

{¶12}  " * * *

{¶13}  "(2) For the duration of the individual's unemployment if the director finds that:

{¶14}  "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, * * *."

{¶15}  "Just cause" within the meaning of R.C. 4141.29(D)(2)(a) "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."  *Kovacic* at ¶23, quoting *Irvine* at 17.   A discharge is considered for just cause when an employee demonstrates an unreasonable disregard for the employer's best interests. *Kiikka v. Ohio Bur. Of Emp. Serv.*, 21 Ohio App.3d 168 (8th Dist.1985).  This

4

does not mean that an employee's behavior must consist of misconduct, but it does require some degree of fault on the part of the employee. *Sellers v. Bd. of Rev.*, 1 Ohio App.3d 161 (10th Dist.1981).

{¶16} Appellant alleges that it had "just cause" under its own "Standards and Rules," noted above, but also under R.C. 4141.29(D)(2)(e), which provides that benefits will not be paid if "[t]he individual became unemployed because of dishonesty in connection with the individual's most recent or any base period work." "Dishonesty" for purposes of this section means "the commission of substantive theft, fraud, or deceitful acts." *Id.*

{¶17} During the hearing, Ms. Webber and Mr. Christopher Atwell testified on behalf of appellant. Mr. Atwell works for appellant in sales. Ms. Webber testified that she terminated Claimant based on the allegations of two other factory employees that Claimant was punching in her son when he was not actually at work. Specifically, she testified that "I had people telling me [Claimant] was punching in her son." However, neither of those two employees were present to testify at the hearing. The hearing officer questioned Ms. Webber on that point. Ms. Webber claimed that prior to the hearing, she faxed to ODJFS the written statements of the two employees as evidence that could be placed in the case file and presented at the hearing regarding those employees' observations of Claimant's conduct. The hearing officer noted that those documents were not part of the Review Commission's file because once the matter was transferred to the Review Commission, ODJFS no longer had jurisdiction over the case and was not the proper entity to receive the documents.

5

{¶18} Also, Ms. Webber testified that she did not personally witness Claimant punching in her son. Ms. Webber further testified that when she called Claimant in to discuss the matter on the day of her discharge, Claimant admitted doing so and promised to pay back any monies that appellant overpaid.

{¶19} Mr. Atwell testified that he observed Claimant punching in twice, and that Mr. Gray was not present in the building at the time he was punched in. However, Mr. Atwell also testified that he did not know Mr. Gray's schedule, which varied, and that due to Mr. Gray's duties as a janitor, Mr. Gray could be anywhere in the building and Mr. Atwell would not be aware of it. Furthermore, Mr. Atwell testified that he arrived at work at 7:30 a.m., and that if Mr. Gray arrived prior to 7:30 a.m., he would not have observed Mr. Gray clock in.

{¶20} Claimant testified on her own behalf and denied punching in another employee on the time clock. She provided the explanation that she and her son often rode into work together, and thus, punched in at the same time on many occasions. Claimant also denied making any statements to Ms. Webber that she admitted to punching in her son.

{¶21} As noted by both the Review Commission and the trial court, the testimony and evidence presented in this case was conflicting. The trial court concluded as follows:

{¶22} "The record reveals that there was testimony by one side that Ms. Manley admitted punching in her son at the employer's time clock although he was not at work. However, there was also testimony by [Ms.] Manley at the hearing that she did not admit that she clocked in her son. The hearing officer in this case made a

6

determination regarding the veracity of the witnesses and chose to believe [Ms.] Manley. It is not for this Court to determine the credibility of the witnesses and to conclude that the hearing officer's determination is incorrect. The Court finds that the hearing officer's final determination that [Claimant] was eligible to receive unemployment benefits pursuant to R.C. 4141.29(G) is supported by the manifest weight of the evidence and is not contrary to law or unreasonable."

{¶23} We agree. This court has reviewed the testimony presented at the hearing, the Review Commission's decision, and the judgment of the trial court. In consideration of the standard of appellate review, which prevents reviewing courts from substituting their own judgment for that of the Review Commission, we cannot say that the judgment of the trial court affirming the decision of the Review Commission was unlawful, unreasonable, or against the manifest weight of the evidence.

{¶24} Last, regarding appellant's argument that the Review Commission ignored Ms. Webber's testimony about the admission made by Claimant, we note that the decision of the Review Commission, as well as the trial court, specifically mention that allegation by Ms. Webber. Thus, the record does not support appellant's contention.

{¶25} Accordingly, appellant's sole assignment of error is without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.


7